EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Abimael Hernández González<br><br>    Peticionario<br><br>        v.<br><br>Hon. José M. Izquierdo Encarnación, Ing., Secretario de Transportación y Obras Públicas del Estado Libre Asociado de P.R. et al.<br><br>    Recurridos | Certiorari<br><br>2005 TSPR 38<br><br>163 DPR _____ |

Número del Caso: CC-2004-434

Fecha: 4 de abril de 2005

Tribunal de Apelaciones:

    Circuito Regional de San Juan

Juez Ponente:

    Hon. Charles A. Cordero Peña

Por derecho propio

Oficina del Procurador General:

    Lcda. Vannessa Ramírez
    Procuradora General Auxiliar

Materia: Revisión de Multa Administrativa

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Abimael Hernández González

  Peticionario

    v.

            CC-2004-434  Certiorari

Hon. José M. Izquierdo
Encarnación, Ing., Secretario
de Transportación y Obras
Públicas del Estado Libre
Asociado de P.R. et al.

  Recurridos

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton


San Juan, Puerto Rico, a 4 de abril de 2005.


  El presente recurso nos permite pasar juicio sobre la validez de ciertos boletos expedidos por la Policía Municipal de San Juan por presuntas violaciones a la Ley Núm. 22 de 7 de enero de 2000, mejor conocida como "Ley de Vehículos y Tránsito de Puerto Rico" (en adelante Ley de Vehículos y Tránsito de 2000). Veamos.

I

  Los hechos medulares no están en controversia. En horas de la mañana del 18 de septiembre de 2001, mientras conducía su vehículo de motor por la Ave. Muñoz Rivera intersección con la Ave. Jesús T. Piñero, el Sr. Abimael Hernández González fue

detenido por dos (2) agentes del orden público adscritos a la Policía Municipal de San Juan. A raíz de la intervención, se expidieron en su contra dos (2) boletos -- #134858 y #134859-- por alegadamente haber incurrido en serias violaciones a la Ley de Vehículos y Tránsito de 2000, a saber:1) transitar por la vía pública en un vehículo con el sello de inspección vencido y 2)transitar por la vía pública en un vehículo con el marbete vencido por más de treinta (30) días. La primera de estas infracciones acarreó una multa de cien dólares ($100.00); la segunda, una de doscientos cincuenta dólares ($250.00).

No conforme con la expedición de los referidos boletos, el señor Hernández González presentó por derecho propio ante el Tribunal de Primera Instancia un recurso de revisión de multa administrativa. Celebrada vista, dicho foro denegó el referido pedido.

Insatisfecho, el señor Hernández González acudió en *certiorari* al antiguo Tribunal de Circuito de Apelaciones (en adelante Tribunal de Apelaciones). En esencia, sostuvo que los boletos expedidos en su contra por alegadamente haber infringido la Ley de Vehículos y Tránsito de 2000 son nulos en vista de que, tanto en el proceso de expedición de éstos, como en su contenido, se incumplieron varios de los requisitos que impone el

debido procedimiento de ley.[1] Evaluados los planteamientos del señor Hernández González, el foro apelativo intermedio confirmó el dictamen emitido por el foro de instancia por entender que, tanto el proceso seguido para su expedición, como los boletos en controversia eran totalmente válidos.

Inconforme, y bajo fundamentos similares a los expuestos ante el Tribunal de Apelaciones, el señor Hernández González acude ante nos. Oportunamente, el Procurador General de Puerto Rico, en representación del Secretario de Transportación y Obras Públicas, presentó su alegato en oposición a la expedición del auto de

---

[1] En su escrito *de certiorari* ante el Tribunal de Apelaciones, entre otras cosas, el Sr. Hernández González señaló: 1) que los boletos expedidos en su contra no constituían una notificación adecuada del proceso que se seguiría en su contra conforme lo exige el debido proceso de ley (adujo que los boletos carecen del espacio requerido para anotar la puntuación correspondiente a la infracción cometida y que los boletos no fueron firmados por el infractor); 2) que las instrucciones al dorso de los boletos en controversia son imprecisas, vagas y conducen a error; 3) que la ausencia de reglamento para el trámite de los recursos de revisión judicial, según lo requiere la Sec. 5685, inciso (k) de la Ley de Vehículos y Tránsito de 2000, constituye una violación al debido proceso ley; 4) que las multas administrativas expedidas imponían responsabilidades personales y constituían gravámenes sobre la propiedad de terceros sin mediar notificación adecuada y oportuna, en abierta violación al debido proceso de ley; 5) que las multas impuestas y las penalidades correspondientes son injustas y confiscatorias, pues no guardan relación con la falta imputada y; 6) que la Policía Municipal carecía de autoridad para expedir boletos por infracciones a la Ley de Vehículos y Tránsito de 2000.

*certiorari* solicitado. Con el beneficio de las comparecencias de ambas partes, resolvemos.

II

La Constitución del Estado Libre Asociado de Puerto Rico en su Art. II, Sec. 7, 1 L.P.R.A., al igual que las Enmiendas V y XIV de la Constitución de los Estados Unidos de América, garantiza el que ninguna persona sea privada de su libertad o propiedad sin el debido proceso de ley.

A tono con su concepción, el debido proceso de ley se manifiesta en dos vertientes distintas: la sustantiva y la procesal. En su vertiente sustantiva, los tribunales examinan la validez de una ley al amparo de la Constitución. Bajo esta instancia, el Estado está impedido de aprobar leyes o realizar alguna actuación que afecte de manera irrazonable, arbitraria o caprichosa los intereses de propiedad o libertad de los individuos. McConell Jiménez v. Palua Grajales, res. el 5 de mayo de 2004, 2004 TSPR 69; Álvarez Elvira v. Arias Ferrer, res. el 13 de mayo de 2002, 2002 TSPR 31; Zapata Saavedra v. Zapata Martínez, res. 1 de marzo de 2002, 2002 TSPR 24; Rivera Rodríguez & Co. v. Lee Stowell, etc., 133 D.P.R. 881, 887 (1993); Rodríguez Rodríguez v. E.L.A., 130 D.P.R. 562, 575 (1992); Rivera Santiago v. Srio. de Hacienda, 119 D.P.R. 265, 273 (1987).

En su vertiente procesal, la cláusula del debido proceso instituye las garantías procesales mínimas que el Estado debe proveerle a un individuo al afectarle su propiedad o libertad. McConell Jiménez v. Palua Grajales, *supra*; P.A.C. v. E.L.A., res. el 25 de febrero de 2000, 2000 TSPR 29; Rodríguez Rodríguez v. E.L.A., *supra*, a la pág. 578; López Vives v. Policía de Puerto Rico, 118 D.P.R. 219 (1987); Rivera Santiago v. Srio. de Hacienda, *supra*, a la pág. 273-274. Su aplicabilidad requiere que exista un interés de propiedad o libertad que pueda verse afectado. Identificado dicho interés, procede determinar cuál es el procedimiento exigido; procedimiento que debe caracterizarse por ser justo e imparcial. Tal y como señalamos en Rivera Santiago v. Srio. de Hacienda, *supra*, a la pág. 274:

> La característica medular de este derecho es que el procedimiento que siga el Estado sea justo (fair). *López Vives v. Policía de P.R.*, 118 D.P.R. 219 (1987). "La garantía esencial de la cláusula de debido proceso es que sea justa. El procedimiento debe ser fundamentalmente justo al individuo en la resolución de los hechos y derechos que sirven de base para aquellas acciones gubernamentales que le privan de su vida, libertad o propiedad. Si bien situaciones diferentes pueden imponer diferentes tipos de procedimientos, siempre está el requisito general de que el proceso gubernamental sea justo e imparcial." (Traducción nuestra.) Rotunda, Nowak y Young, *op. cit.*, Sec. 17.8.

Conforme a la jurisprudencia que gobierna el tema, varios son los requisitos que todo procedimiento

adversativo debe satisfacer para garantizar las exigencias mínimas del debido proceso de ley, a saber: (1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra; (5) tener asistencia de abogado, y (6) que la decisión se base en la evidencia presentada y admitida en el juicio. Rivera Santiago v. Srio. de Hacienda, *supra*, a la pág. 274; Rivera Rodríguez v. Lee Stowell, *supra,* a la pág. 888-889.

En vista de que el señor Hernández González, en esencia, alega que en el procedimiento seguido en su contra al expedirse varios boletos por infracciones a la Ley de Vehículos y Tránsito de 2000 --tanto en su expedición como en su contenido-- se incumplieron varios de los requisitos antes señalado, es precisamente a la luz de éste marco jurídico que debemos disponer de las controversias ante nuestra consideración.

III

De entrada, y como queda dicho, el debido procedimiento de ley requiere que en el presente caso se identifique aquel interés propietario o de libertad, si alguno, que se ve afectado por las actuaciones del Estado. Evidentemente en la causa de epígrafe no se alude a ningún interés de libertad. El señor Hernández

González reclama un interés propietario que puede verse afectado toda vez que los boletos por infracciones a las leyes de tránsito acarrean una multa de alrededor de trescientos cincuenta dólares ($350.00) y un posible demérito de puntos en el expediente del conductor que podría desembocar en la eventual suspensión de su licencia de conducir. Cabe señalar que, salvo una situación excepcional --relativa a las advertencias por penalidades por atrasos--, dicho interés no está y nunca estuvo indebidamente afectado. El procedimiento de expedición de boletos por faltas administrativas que se llevó en contra del señor Hernández González, por alegadamente haber violentado ciertas disposiciones de la Ley de Vehículos y Tránsito de 2000, a todas luces, satisfizo las exigencias mínimas del debido proceso de ley. Nos explicamos.

El procedimiento al que hace referencia el señor Hernández González, contemplado en el Art. 24.05 de la Ley de Vehículos y Tránsito de 2000, reconoce que con relación a las faltas administrativas de tránsito se seguirán, entre otras cosas, las siguientes normas:

(a) Los agentes del orden público quedan facultados para expedir boletos por cualesquiera faltas administrativas de tránsito. Los formularios para dichos boletos serán preparados, impresos, identificados individualmente y distribuidos de acuerdo con los reglamentos que, para dicho propósito, promulgará el Secretario. Éstos fecharán y firmarán el boleto, el cual expresará la falta o faltas administrativas

que alegadamente se ha o se hayan cometido, y el monto de la multa o multas administrativas a pagarse y la puntuación correspondiente aplicable.

......

(f) Las infracciones consideradas como faltas administrativas se adjudicarán a los récords de identidad de las personas autorizadas a conducir vehículos de motor que de hecho hayan cometido la alegada infracción. Será deber del oficial del orden público que expida el boleto de faltas administrativas de tránsito en tales casos, requerir la licencia de conducir de la persona que alegadamente cometió la infracción; requerirle al infractor firmar el original del boleto; devolverle al infractor la licencia de conducir junto con copia del boleto firmado y finalmente llevar el boleto al Cuartel de la Policía de la localidad en que se cometió la infracción.

(g) Será deber del infractor pagar el boleto dentro de los treinta (30) días a partir de su expedición. De no pagarse en dicho término tendrá un recargo de cinco (5) dólares por cada mes o fracción de mes transcurrido desde la fecha de su expedición, el cual podrá ser pagado junto al boleto expedido en cualquier colecturía antes del vencimiento de la fecha de pago del permiso del automóvil. De no pagar antes de dicha fecha la infracción, será incluida en el permiso

....

(k) Si el dueño del vehículo, el conductor, el concesionario de venta o el pasajero afectado por la notificación de multa administrativa considera que no se ha cometido la violación que se le imputa, podrá solicitar un recurso de revisión judicial, según se haya dispuesto mediante reglamento[....]

Como se puede apreciar, el referido procedimiento, al que fue sometido el señor Hernández González,

satisface las exigencias mínimas del debido proceso de ley. Veamos por qué.

En primer lugar, la entrega personal del boleto de falta administrativa de tránsito constituyó una notificación adecuada de la conducta imputada y de la sanción impuesta. En el caso de autos, los boletos expedidos al señor Hernández González contenían la siguiente información: 1) las faltas presuntamente cometidas; 2) la hora y fecha en que se cometieron éstas; 3) la inicial, apellido y número de placa del agente que expidió el boleto y 4) la cantidad a pagar por concepto de multa. En su recurso de revisión Hernández González alega que los boletos expedidos no proveen un espacio para indicar la puntuación correspondiente a las infracciones cometidas, no contienen la firma del infractor, ni el nombre completo del Policía Municipal que intervino con él. En cuanto a este argumento, si bien es cierto que se cometieron algunos errores de trámite, vistos éstos en su totalidad, entendemos que los mismos no son de tal naturaleza que anulen todo el proceso llevado a cabo en la expedición de los boletos[2].

---

[2] El señor Hernández González alega, además, que los agentes de la Policía Municipal de San Juan que con él intervinieron carecen de autoridad para expedir boletos por faltas administrativas a la Ley de Vehículos y Transito de 2000. No tiene razón.

En segundo lugar, el procedimiento de revisión judicial dispuesto en ley es ante un Juez del Tribunal de Primera Instancia, lo cual satisface el requisito de que el proceso llevado en contra del señor Hernández González se realizase ante un juez imparcial. La ausencia del reglamento para el tramite de los recursos de revisión judicial, según lo requiere la Sec. 5685, inciso (k) de la Ley de Vehículos y Tránsito de 2000,[3] no

---

Basta señalar, que en virtud de la Sec.5001, inciso dos (2), de la Ley de Vehículos y Tránsito de 2000 agente del orden público "significará un agente de la Policía de Puerto Rico, Policía Municipal o Cuerpo de Vigilantes del Departamento de Recursos Naturales y Ambientales." Sobre la autoridad que la Ley de Vehículos y Tránsito de 2000 le confiere a los agentes del orden público, la Sec. 5302 dispone, en lo pertinente, que " [l]os miembros de la Policía o la **Policía Municipal** podrán detener o inspeccionar cualquier vehículo cuando a su juicio el mismo estuviere siendo usado en violación de esta Ley o de cualquier otra disposición legal que reglamente la operación de vehículos u otras leyes o cuando estuviere su conductor u ocupantes relacionados con cualquier accidente de tránsito. A tales fines, estarán autorizados para bloquear el paso de dicho vehículo en cualquier vía pública cuando el conductor del mismo se negare a detenerse."

Habida cuenta que los Policías Municipales han quedado claramente facultados para expedir boletos por faltas administrativas a la Ley de Vehículos y Tránsito de 2000, resulta insostenible el argumento del señor Hernández González, a los efectos de que los boletos expedidos en su contra son nulos. No se cometió el error señalado.

[3] En lo pertinente, establece la mencionada disposición legal establece que:

Con relación a las faltas administrativas de tránsito, se seguirán las siguientes normas:

(k) Si el dueño del vehículo, el conductor, el concesionario de venta o el pasajero

anula la validez del tramite llevado en contra del señor Hernández González tal y como aduce éste. La Ley Núm. 1 de 28 de julio de 1994, según enmendada, conocida como la "Ley de la Judicatura de 1994", la cual estaba vigente al momento en que el señor Hernández González cometió las infracciones de ley objeto de litigio, subsanó en gran parte la ausencia del referido reglamento toda vez que contemplaba el que la revisión judicial de los boletos por infracciones a las leyes de tránsito era de la competencia de los Tribunal de Primera Instancia, en particular de los Jueces Municipales adscritos a los referidos tribunales.[4]

En adición a ello, los boletos expedidos por la Policía Municipal del San Juan en contra del señor Hernández González contienen a su dorso información

---

afectado por la notificación de la multa administrativa considera que no se ha cometido la violación que se le imputa, podrá solicitar un recurso de Revisión Judicial, **según se haya dispuesto mediante reglamento.**(Énfasis suplido.)

[4] Precisa señalar que, hoy en día, con la aprobación de la Ley Núm. 201 de 22 de agosto de 2003, conocida como la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, la Sec. 5685, inciso (k) de la Ley de Vehículos y Tránsito de 2000, se ha tornado en parte ineficaz. La mencionada disposición legal, cuya vigencia es posterior a la Ley de Vehículos y Tránsito de 2000, en su Art. 5.004, inciso (a)(6), dispone expresamente que son los Jueces Municipales quienes tendrán facultad para considerar, atender y resolver, entre otros asuntos los recursos de revisión por la expedición de un boleto administrativo bajo las disposiciones de la Ley Num. 22 de 7 de enero de 2000, según enmendada, conocida como "Ley de Vehículos y Tránsito de Puerto Rico".

respecto al: 1) término de tiempo --treinta (30) días-- dentro del cual el alegado infractor deberá radicar el recurso de revisión; 2) la Sala del Tribunal donde puede presentar su recurso; 3) la manera de formalizar el recurso de revisión; 4) una advertencia a los efectos de que una vez formalizado el recurso, deberá notificarlo al Secretario del Departamento de Transportación y Obras Públicas (DTOP), incluyendo el término de tiempo para así hacerlo y 5) las instrucciones en caso de que interese cancelar de inmediato el gravamen. Sin lugar a dudas dichas instrucciones son garantías suficientemente para que una persona de inteligencia promedio conozca el curso de acción a seguir en caso de entender que no cometió las violaciones imputadas a su persona.

En tercer lugar, se cumplió con aquel requisito del debido procedimiento de ley que exige se le brinde al señor Hernández González una oportunidad razonable de ser oído ante un juzgador imparcial, cuando se le permitió a éste comparecer al Tribunal de Primera Instancia a presentar la prueba que entendió pertinente para su defensa.

En cuarto lugar, el que el señor Hernández González pudiese estar representado por abogado, aunque voluntariamente compareció al tribunal por derecho propio, satisface el requisito de representación legal adecuada.

Por último, el hecho de que la decisión judicial se tomó a base de la prueba admitida por el tribunal, satisface los demás requisitos.

A la luz de lo antes expuesto, no nos cabe la menor duda de que el procedimiento de expedición de boleto por falta administrativa contra el señor Hernández González, y su correspondiente revisión judicial, satisfizo las exigencias mínimas del debido proceso de ley, con el consabido efecto de sostener la validez de las multas de cien y doscientos cincuenta dólares ($100.00 y $250.00) impuestas a éste.

Ahora bien, no podemos llegar a igual conclusión respecto a las advertencias sobre penalidades por atraso que contiene el boleto objeto de litigio. Adelantamos, que por éstas no ser cónsonas con lo contemplado en la nueva Ley de Vehículos y Tránsito de 2000 producen cierta confusión en aquellas personas a las que se le expide un boleto por infracción a la referida disposición legal. Por ende, dicha notificación no satisface el debido proceso de ley. Veamos.

IV

De la Sec. 5685, inciso (g), de la Ley de Vehículos y Tránsito de 2000, *supra*, **vigente al momento en que se expidieron los boletos en contra del señor Hernández González**, surge con meridiana claridad que todo aquel infractor que, dentro de un término de treinta (30) días

a partir de su expedición, no pague el(los) boleto(s) expedido(s) por violación a la Ley de Vehículos y Tránsito de 2000, tendrá un recargo de cinco (5) dólares por cada mes o fracción de mes que deje transcurrir desde la fecha de expedición de estos. No empece a ello, la realidad jurídica que se desprende de las "Instrucciones de Pago" contenidas al dorso de los boletos en controversias no es cónsona con lo antes dicho.

Contrario a lo dispuesto en la ley, en los boletos expedidos por la Policía Municipal de San Juan se establece que el cargo por mora impuesto a todo aquel que no pague a tiempo el referido boleto será de tan sólo diez dólares ($10.00). En lo pertinente, las *Instrucciones de Pago* al dorso de los boletos objeto de litigio establecen que:

> Para liquidar este gravamen, puede usted pagar en efectivo en la Colecturía de Rentas Internas más cercana en la División de Multas Administrativas del Negociado de Vehículos de Motor o enviar al Secretario de Transportación y Obras Públicas cheque o giro postal a favor del Secretario de Hacienda conjuntamente con esta notificación. **De no pagar el boleto dentro de los treinta (30) días tendrá un recargo de diez (10) dólares $10.00.**

Ciertamente, el referido aviso no constituye una "notificación adecuada", conforme lo exige el debido proceso de ley, sobre las penalidades por atraso que afectarían al señor Hernández González, o a cualquier

otro alegado infractor, de no pagar a tiempo los boletos por faltas administrativas a la Ley de Vehículos y Tránsito de 2000. Entendemos pues, que como la Policía Municipal de San Juan no corrigió y atemperó las "Instrucciones de Pago" a la nueva realidad jurídica contemplada en la Ley de Vehículos y Tránsito de 2000, el señor Hernández González sólo vendrá obligado a pagar la cantidad de diez dólares ($10.00) como penalidad por atraso. El debido proceso de ley así lo exige. De la manera antes expuesta, disponemos de aquel señalamiento de error donde el señor Hernández González alega que las multas y las penalidades por pago tardío impuestas en su contra son excesivas y confiscatorias, pues no guardan relación con la falta imputada.[5]

---

[5] En lo relativo a las multas impuestas, entendemos que son inmeritorias y prematuras, y no merecen mayor discusión, las alegaciones del señor Hernández González a los efectos de que se viola su derecho a la intimidad por parte del Secretario del Departamento de Transportación y Obras Públicas cuando éste divulga a terceros información sobre las infracciones registradas a los expedientes de los conductores y titulares de vehículos de motor.

La Ley de Vehículos y Tránsito de 2000 en su Art. 24.05, inciso (o), autoriza al Secretario a proveer información mediante acceso restringido, desde el computador del sistema de vehículos de motor y arrastres, a terceras personas, incluyendo compañías de seguros, traficantes y gestores de licencia, entre otros, exclusivamente relacionada con gravámenes y anotaciones existentes en el registros del Departamento de Transportación y Obras Públicas. El propósito de esta ley es brindarle aviso a aquellas personas interesadas en adquirir un vehículo de motor o renovar la licencia del mismo, de la existencia de algún gravamen sobre el

V

Por los fundamentos expuestos en la Opinión que antecede, se modifica el dictamen emitido por el Tribunal de Apelaciones a los únicos fines de hacer constar que como la Policía Municipal de San Juan no corrigió y atemperó las "Instrucciones de Pago" a la nueva realidad jurídica contemplada en la Ley de Vehículos y Tránsito de 2000, el señor Hernández González sólo vendrá obligado a pagar la cantidad de diez dólares ($10.00) como penalidad por atraso. En lo demás, confirmamos.

Se dictará sentencia de conformidad.


                                    Federico Hernández Denton
                                    Juez Presidente

---

vehículo en cuestión en cuyo caso no podrá realizarse la transacción hasta tanto no se cancele dicho gravamen.

Coincidimos con el foro apelativo intermedio cuando establece que el señor Hernández González no ha argumentado, mucho menos demostrado, que el Secretario del Departamento de Transportación y Obras Públicas le haya brindado información a un tercero sobre los gravámenes que posee su vehículo de motor, o que un conductor de un vehículo de motor albergue una expectativa razonable de intimidad sobre esa información. Estamos ante un señalamiento de error que no es justiciable.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Abimael Hernández González

  Peticionario

      v.

Hon. José M. Izquierdo
Encarnación, Ing., Secretario
de Transportación y Obras
Públicas del Estado Libre
Asociado de P.R. et al.

  Recurridos

CC-2004-434    Certiorari


SENTENCIA


San Juan, Puerto Rico, a 4 de abril de 2005.


     Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se modifica el dictamen emitido por el Tribunal de Apelaciones a los únicos fines de hacer constar que como la Policía Municipal de San Juan no corrigió y atemperó las "Instrucciones de Pago" a la nueva realidad jurídica contemplada en la Ley de Vehículos y Tránsito de 2000, el señor Hernández González sólo vendrá obligado a pagar la cantidad de diez dólares ($10.00) como penalidad por atraso. En lo demás, confirmamos.

     Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Fuster Berlingeri y Rivera Pérez no intervinieron.


           Aida Ileana Oquendo Graulau
           Secretaria del Tribunal Supremo