EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Francisco Torres; Jorge Martel; Carlos Sánchez Castro y Maribel González p/c Hotel Ciqala <br><br> Peticionarios <br><br> v. <br><br> Municipio Autónomo de San Juan <br><br> Recurrido | 2022 TSPR 04 <br><br> 208 DPR \_\_\_\_ |

Número del Caso: AC-2019-155

Fecha: 14 de enero de 2022

Tribunal de Apelaciones:

    Panel I

Abogados de la parte peticionaria:

    Lcdo. Daniel Martínez Avilés
    Lcda. Maricely Aponte Rivera
    Lcda. Teresita Leiseca Sánchez

Abogadas de la parte recurrida:

    Lcda. Brenda L. Cordero Acabá
    Lcda. Yeidy Roque Cruz

Materia: Derecho Procesal Civil - Procedimiento para impugnar un boleto de tránsito expedido por un agente del orden público municipal por violaciones a las ordenanzas municipales sobre circulación, estacionamiento y tránsito de vehículos de motor se rige por lo dispuesto en el Art. 23.05 de la Ley de Vehículos y Tránsito de Puerto Rico.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Francisco Torres; Jorge Martel; Carlos Sánchez Castro y Maribel González p/c Hotel Ciqala

    Peticionarios

        v.

Municipio Autónomo de San Juan

    Recurrido

AC-2019-0155

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico, a 14 de enero de 2022.

En esta ocasión tenemos la oportunidad de aclarar, a la luz de lo resuelto en Hernández v. Secretario, 164 DPR 390 (2005) y de la *Ley de Municipios Autónomos*, infra, qué ley y cuál es el trámite para que un ciudadano impugne un boleto de tránsito emitido por un agente del orden público municipal.

Por los fundamentos que expondremos a continuación concluimos que el artículo 23.05 de la *Ley de vehículos y tránsito de Puerto Rico*, Ley Núm. 22-2000, según enmendada, 9 LPRA sec. 5001 *et seq.*, es el postulado que gobierna el procedimiento para impugnar un boleto de tránsito expedido por un agente del orden público municipal por violaciones a las ordenanzas

respecto a la circulación, estacionamiento y tránsito de vehículos de motor.

I

El 23 de marzo de 2018, frente al Hotel Ciqala (peticionario u Hotel) en San Juan, la agente municipal Batista, placa número 784, expidió el boleto de tránsito número 1944995 por la cantidad de $500 al vehículo con tablilla HMQ-808, por infringir el artículo 7.018 (A-1)(estacionamiento sobre la acera) del *Código de tránsito y estacionamiento vehicular del Municipio de San Juan*, Ordenanza Número 8, Serie 2002-2003, según enmendada (Código de Tránsito Municipal). Por estar en desacuerdo, el Hotel solicitó una vista administrativa ante la Oficina de Asuntos Legales del Municipio de San Juan conforme al *Procedimiento administrativo para la imposición, trámite, cobro y revisión de multas administrativas*, Ordenanza Núm. 23, Serie 2001-02, conocido como Código Administrativo del Municipio de San Juan (Código Administrativo).

El oficial examinador celebró la vista y el 4 de marzo de 2019 éste emitió un informe mediante el cual recomendó declarar *No Ha Lugar* la impugnación y sostener la multa de $500.[1] Así, la Oficina de Asuntos Legales del Municipio acogió la recomendación del oficial examinador, por lo que el 12 de marzo de 2019 se archivó en autos una *Resolución* a esos efectos.

---

[1] Apéndice de la *Apelación*, págs. 93-100.

El Hotel presentó un recurso de revisión judicial ante el Tribunal de Primera Instancia el 3 de abril de 2019. El Municipio solicitó la desestimación del recurso. Según expuso, el Hotel omitió solicitar la reconsideración ante la Directora de la Oficina de Asuntos Legales del ayuntamiento y esto tuvo el efecto de que no existiera una resolución final revisable. Asimismo, argumentó que, de todos modos, el Hotel presentó el recurso luego de transcurridos los veinte días que establece el Código Administrativo para solicitar la revisión judicial ante el foro de instancia. En oposición, el peticionario argumentó que el requisito de solicitar la reconsideración previo a la presentación de un recurso de revisión judicial y los términos para lo anterior son contrarios a las disposiciones de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,* Ley 38-2017, según enmendada, 3 LPRA sec. 9601 *et seq*. (LPAU) y la jurisprudencia interpretativa pertinente.

Evaluadas las posturas de las partes, el tribunal de instancia desestimó el recurso de revisión judicial. El peticionario acudió al Tribunal de Apelaciones para señalar, en esencia, que el foro primario incidió al desestimar el recurso de revisión judicial porque él no agotó los remedios administrativos.[2] Sin embargo, el foro apelativo intermedio confirmó el dictamen del tribunal de instancia.[3]

---

[2] *Apéndice,* págs. 38-47.

[3] Según concluyó el foro apelativo intermedio, los municipios no están obligados a cumplir a cabalidad lo atiente al agotamiento de remedios administrativos porque están excluidos de la definición de agencia de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto*

Infructuosamente, el Hotel presentó la reconsideración y, a raíz de lo anterior, apeló la decisión ante nos para argumentar el mismo señalamiento que expuso ante el foro apelado.

El 30 de junio de 2020 emitimos una *Resolución* para expedir el recurso de *certiorari* en reconsideración y, luego de evaluados los alegatos de las partes, nos encontramos listos para resolver.

II

La *Ley de Municipios Autónomos*[4] establece que los municipios "tendrán los poderes necesarios y convenientes para ejercer todas las facultades correspondientes a un gobierno local y lograr sus fines y funciones".[5] Así, y como es conocido, las leyes municipales son las ordenanzas y resoluciones y, según la autoridad que la *Ley de Municipios Autónomos* le ha conferido a los ayuntamientos, éstas son las que rigen el gobierno municipal.

---

*Rico,* Ley 38-2017, según enmendada, 3 LPRA sec. 9601 *et seq.* De igual forma, sostuvo que el peticionario presentó el recurso ante el foro de instancia de manera tardía, por lo que carecía de jurisdicción para atenderlo en los méritos. Véase *Sentencia*, Apéndice, págs. 13-14.

[4] Es menester señalar que recientemente se aprobó el *Código Municipal de Puerto Rico*, Ley Núm. 107-2020, según enmendada, 21 LPRA secs. 7001 *et seq.* (Código Municipal) mediante el cual se derogó la *Ley de Municipios Autónomos de Puerto Rico*, Ley 81-1991, según enmendada, 21 LPRA secs. 4001 *et seq.* (derogada 2020) (Ley de Municipios Autónomos). Ahora bien, ésta es la legislación vigente al momento de los hechos del caso ante nuestra consideración. Sin embargo, es meritorio puntualizar que en lo concerniente a la controversia que nos ocupa, el Código Municipal mantuvo las disposiciones aplicables al caso de epígrafe.

[5] 21 LPRA sec. 4051 (derogada 2020).

En ese contexto, la legislatura municipal posee la autoridad para aprobar ordenanzas que impongan sanciones penales o multas administrativas en caso de que éstas o las resoluciones municipales sean violentadas.[6] A través del artículo 2.003 la medida formula mecanismos procesales para ponerlas en vigor, a saber: uno para los asuntos sobre sanciones penales y de tránsito y el otro para las multas administrativas.[7]

En lo que respecta a los asuntos penales y de tránsito, el ordenamiento municipal dispone lo siguiente:

> **a)** *Legislación penal municipal.* — El Municipio tendrá poder para aprobar y poner en vigor ordenanzas conteniendo penalidades por violaciones a las mismas con penas de multa no mayor de mil (1,000) dólares o penas de restricción domiciliaria, servicios comunitarios o reclusión de hasta un máximo de noventa (90) días, a discreción del Tribunal. Toda sanción deberá tomar en consideración los principios generales de las penas establecidas en [el *Código Penal de Puerto Rico,* Ley 146-2012, según enmendada, 33 LPRA secs. 5001 *et seq*.]. […]
>
> .   .   .   .   .   .   .   .
>
> **El Tribunal de Primera Instancia tendrá jurisdicción para conocer y resolver sobre cualquier violación a las ordenanzas penales de los municipios.** No obstante lo anteriormente dispuesto, **las infracciones a las ordenanzas municipales que reglamentan la circulación, estacionamiento y tránsito de vehículos de motor, se penalizarán de conformidad al procedimiento de multa administrativa establecido en la [*Ley de Vehículos y Tránsito de Puerto Rico*, Ley Núm. 22-2000, según enmendada, 9 LPRA secs. 5001 *et seq*.].**

---

[6] 21 LPRA sec. 4205(f). Véase art. 1.039(f) del Código Municipal, 21 LPRA sec. 7065(f).

[7] 21 LPRA sec. 4053 (derogada 2020). Antes de desglosar los acápites destacamos que a pesar de que el Código Municipal no dividió en incisos las legislaciones municipales en torno a las sanciones penales y de tránsito y las multas administrativas, éstas mantuvieron los mecanismos dispuestos en la legislación derogada. Véase art. 1.009 del Código Municipal, 21 LPRA sec. 7014.

> Disponiéndose, sin embargo, que **en cuanto a las ordenanzas municipales relacionadas con las <u>violaciones al estacionamiento en áreas gobernadas por estacionómetros</u>, tales violaciones podrán ser sancionadas de conformidad con lo que disponga la ordenanza municipal.** Se autoriza a los municipios de Puerto Rico a establecer mediante reglamento el sistema para hacer cumplir el estacionamiento en áreas gobernadas por estacionómetros, así como poder designar las entidades públicas o privadas que servirán de agentes para hacer cumplir las ordenanzas y emitir boletos de infracciones administrativas. El reglamento establecerá el procedimiento para solicitar la revisión de infracciones administrativas impuestas a tenor con las ordenanzas relativas a los estacionamientos gobernados por estacionómetros. **El reglamento cumplirá con las disposiciones contenidas en la [*Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,* Ley 38-2017, según enmendada, 3 LPRA secs. 9601, *et seq.*(LPAU)].**[8]

Nótese que en lo concerniente a las violaciones de las ordenanzas municipales sobre tránsito, la *Ley de Municipios Autónomos* precisó establecer dos procedimientos distintos de revisión: uno para los boletos por violaciones al estacionamiento en áreas gobernadas por estacionómetros (o parquímetros) y otro para las infracciones a las ordenanzas municipales que reglamentan la circulación, estacionamiento y tránsito de vehículos de motor. Recuérdese que el inciso (v) del artículo 2.001 dispone que los municipios podrán adoptar ordenanzas para reglamentar el estacionamiento de vehículos en áreas urbanas con inclusión de aquellos operados por el sistema de estacionómetros.[9]

En cuanto a los parquímetros, del artículo 2.003(a) del estatuto surge que los municipios promulgarán un

---

[8] 21 LPRA sec. 4053(a).

[9] Íd., sec. 4051(v). Véase art. 1.008(u) del Código Municipal, 21 LPRA sec. 7013(u).

reglamento para establecer un sistema de cumplimiento del estacionamiento en áreas gobernadas por estacionómetros. Este sistema estará integrado por entidades públicas y privadas que el ayuntamiento designe para que funjan como agentes de cumplimiento de las ordenanzas y la emisión de boletos de este tipo de infracciones administrativas. Al aprobar el reglamento, la asamblea municipal deberá establecer el proceso para la revisión de los boletos expedidos de conformidad con las disposiciones contenidas en la LPAU.

Por otro lado, según la legislación, las infracciones a las ordenanzas municipales que reglamentan la circulación, estacionamiento y tránsito de vehículos de motor se penalizarán conforme al procedimiento de multa administrativa que establece la *Ley de Tránsito*. Al respecto, el artículo 23.05 de la referida ley gobierna el procedimiento de expedición de boletos por faltas administrativas que ejecute un agente del orden público,[10] las advertencias sobre el derecho a solicitar la revisión judicial y el trámite para presentar el recurso ante el Tribunal de Primera Instancia.[11]

> (a) Los agentes del orden público quedan facultados para expedir boletos por cualesquiera faltas administrativas de tránsito. […] La parte posterior del boleto informará al infractor su derecho a presentar un recurso de impugnación en el tribunal correspondiente y el procedimiento a seguir, según se establece en esta sección.

---

[10] Conforme al art. 1.04 de la *Ley de Vehículos y Tránsito de Puerto Rico*, Ley Núm. 22-2000, 9 LPRA sec. 5001(2), (Ley de Tránsito) se considera un agente del orden público a la Policía de Puerto Rico, **Policía Municipal** o Cuerpo de Vigilantes del Departamento de Recursos Naturales y Ambientales.

[11] Art. 23.05 de la *Ley de Tránsito*, 9 LPRA sec. 5685. Véase Hernández v. Secretario, 164 DPR 390, 397-398 (2005).

(b) Copia del boleto será entregada al conductor del vehículo. En caso de un vehículo estacionado, el agente del orden público, de conformidad a lo dispuesto en el inciso (d) de esta sección, fijará el boleto en un sitio conspicuo de dicho vehículo. La copia así entregada o fijada contendrá instrucciones para solicitar recurso de revisión judicial, según se provee en el inciso (l) de esta sección.

.    .    .    .    .    .    .    .

(l) Si el dueño del vehículo, de la tablilla, el conductor certificado, el concesionario de venta o el pasajero afectado por la notificación de multa administrativa considera que no se ha cometido la violación que se le imputa, **podrá solicitar un recurso de revisión judicial dentro del término de treinta (30) días a partir de la fecha de recibo de la notificación**. Antes de notificar multa administrativa el Secretario verificará quien era el propietario de la tablilla o conductor certificado, al momento de la comisión de la falta y la anotará en su expediente.

El recurso de revisión se formalizará presentando una solicitud en la Secretaría del Tribunal, en la cual se expondrán los fundamentos en que se apoya la impugnación de la falta administrativa de tránsito. Radicado el recurso, el peticionario deberá notificar el mismo al Secretario dentro de un término de cinco (5) días a contar de su radicación.

Establecido el recurso de revisión, será deber del Secretario elevar al tribunal copia certificada de los documentos que obren en el expediente, dentro de un término de diez (10) días a contar de la fecha en que fuera notificado de la radicación del recurso de revisión. Recibidos los documentos, el tribunal señalará la vista del recurso para tener lugar en un término no mayor de sesenta (60) días a contar de la fecha del recibo de dichos documentos. El tribunal revisará en sus méritos las cuestiones de hecho y de derecho que dieron lugar a la imposición y notificación de la falta administrativa de tránsito. El tribunal dictará su resolución en el caso dentro de un término de cinco (5) días a contar desde la fecha en que se celebre la vista. El tribunal notificará su resolución al Secretario y al peticionario dentro del término de los diez (10) días siguientes de haberse dictado la misma. La resolución dictada será [de] carácter final y definitivo.[12]

---

[12] Íd. (Énfasis nuestro).

En <u>Hernández v. Secretario</u>, 164 DPR 390 (2005) además de especificar la información que debe surgir de un boleto expedido por un policía municipal para que cumpla con el debido proceso de ley, reiteramos que el procedimiento de revisión judicial que establece la *Ley de Tránsito* para impugnar la infracción es ante un juez del Tribunal de Primera Instancia.[13] Obsérvese que lo anterior es acorde con la Ley de la Judicatura de 2003, en cuanto a que los jueces municipales atenderán y resolverán los recursos de revisión de un boleto administrativo expedido bajo la *Ley Tránsito*,[14] y que estos magistrados pertenecen al Tribunal de Primera Instancia, foro de jurisdicción original. Finalmente, en *Hernández* indicamos las instrucciones que los boletos de tránsito deben contener con el fin de garantizar "el que una persona de inteligencia promedio conozca el curso de acción que se ha de seguir en caso de entender que no cometió las violaciones imputadas a su persona".[15] De manera que el ciudadano quedará instruido de lo dispuesto en el artículo 23.05 de la Ley de Tránsito si el boleto indica lo siguiente:

> (1) el término de tiempo —treinta días— dentro del cual el alegado infractor deberá presentar el recurso de revisión; (2) la Sala del tribunal donde puede presentar su recurso; (3) la manera de formalizar el recurso de revisión; (4) una advertencia a los efectos de que, una vez formalizado el recurso, deberá notificarlo al Secretario del Departamento de Transportación y Obras Públicas (D.T.O.P.), incluyendo el término de tiempo para así hacerlo, y (5) las instrucciones en

---

[13] *Hernández*, 164 DPR en la págs. 397-398.

[14] *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico*, Ley Núm. 201-2003, según enmendada, 4 LPRA secs. 25a y 25d(a)(6).

[15] *Hernández*, 164 DPR en las págs. 397-398.

caso de que interese cancelar de inmediato el gravamen.[16]

Indudablemente, lo anterior notifica adecuadamente y a grandes rasgos al alegado infractor cómo impugnar en el Tribunal de Primera Instancia un boleto de tránsito expedido por un agente del orden público.

Por otra parte, aunque no se consideran agencias administrativas, la *Ley de Municipios Autónomos* le extendió a los municipios la autoridad para expedir multas tal si fueran entidades administrativas.[17] En aras de garantizar el derecho a un debido proceso de ley a los compueblanos que reciban una multa administrativa de esa índole, el legislador expresamente ordenó a los municipios la adopción de un procedimiento uniforme similar a la LPAU.

> **(b)** *Legislación con multas administrativas.* — En el ejercicio de sus facultades para reglamentar, investigar, emitir decisiones, certificados, permisos, endosos y concesiones, el municipio podrá imponer y cobrar multas administrativas de hasta un máximo de cinco mil (5,000) dólares por infracciones a sus ordenanzas, resoluciones y reglamentos de aplicación general, conforme se establezca por ley u ordenanza. Cada municipio, al momento de imponer una multa en una ordenanza, resolución o reglamentación deberá evaluar la proporcionalidad entre la severidad de la violación cometida y la multa a imponerse.
>
> El municipio deberá adoptar mediante ordenanza un procedimiento uniforme para la imposición de multas administrativas que contenga las garantías del debido procedimiento de ley, similar al establecido en la [, *"Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley 38-2017"*].

---

[16] Íd., pág. 400.

[17] Véase secciones 5.1 y 7.1 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,* Ley 38-2017, según enmendada, 3 LPRA secs. 9681 y 9701.

> El Tribunal de Primera Instancia entenderá en toda solicitud de revisión judicial de cualquier persona adversamente afectada por una orden o resolución municipal imponiendo una multa administrativa. [18]

De manera que el municipio es responsable de establecer un proceso de revisión tanto para las multas administrativas del artículo 2.003(b) como el concebido para los estacionómetros que dispone el inciso (a) del estatuto tomando como referencia legal las disposiciones de la LPAU.

Así, y como mencionáramos, la controversia que atendimos en *Hernández* versaba sobre la información que el boleto debía contener para cumplir con el debido proceso de ley y sí, aludimos a que la *Ley de Tránsito* establece el trámite de impugnación de boletos de tránsito ante el Tribunal de Primera Instancia. Sin embargo, el asunto que atendemos se encuadra en que, al momento de aprobar medidas para sus constituyentes, las asambleas municipales tienen la obligación de enmarcar las ordenanzas y resoluciones conforme a los parámetros establecidos en la *Ley de Municipios Autónomos*.[19] En específico, las ordenanzas municipales respecto a la circulación, estacionamiento y tránsito de vehículos de motor deben cumplir con el artículo 2.003(a) en cuanto a que el trámite para impugnar un boleto por infracción expedido por un agente del orden público municipal (o estatal) será conforme a la *Ley de Tránsito*. Esto se debe a que "el poder de regular el tránsito no es absoluto [pues

---

[18] 21 LPRA sec. 4053(b).

[19] López, Fed. Coms. Unidos v. Mun. De San Juan, 121 DPR 75 (1988).

está] sujeto al poder más amplio del Estado y a las áreas en que éste ocupe el campo".[20] De ahí la importancia de que "toda ordenanza municipal regulatoria tiene que estar en armonía con el ordenamiento estatal, el cual ha de prevalecer en situaciones conflictivas".[21] Después de todo, está proscrito que los municipios se excedan de la facultad extendida con respecto a sus funciones o actuaciones, pues éstas deberán ser armoniosas con la *Ley de Municipios Autónomos*, por lo que ninguna ordenanza o resolución municipal puede ir por sobre las claras e inequívocas disposiciones de esta legislación.

De manera que, cuando un agente del orden público municipal expida un boleto por violaciones a las ordenanzas municipales que reglamentan la circulación, estacionamiento y tránsito de vehículos de motor, el alegado infractor únicamente tendrá a su haber el procedimiento dispuesto en el artículo 23.05 de la *Ley de Tránsito* para impugnarlo ante el Tribunal de Primera Instancia.

III

Como mencionáramos, la agente municipal Batista expidió el boleto el 23 de marzo de 2018 porque, según se alegó, el vehículo estaba estacionado sobre la acera frente al Hotel. El peticionario impugnó sin éxito el boleto de tránsito en la Oficina de Asuntos Legales del municipio. Sin solicitar la reconsideración en el organismo municipal, el Hotel presentó un recurso de revisión judicial en el Tribunal

---

[20] *López, Fed. Coms. Unidos*, 121 DPR en la pág. 88.

[21] Íd., pág. 95.

de Primera Instancia. El foro primario desestimó el recurso y el Tribunal de Apelaciones confirmó la decisión porque el peticionario incumplió con el requisito de presentar la moción de reconsideración en el organismo municipal como lo exige el procedimiento de impugnación para multas administrativas del Código Administrativo aprobado por el ayuntamiento.

De un análisis del expediente observamos que este caso no se trató de una multa por el quebrantamiento de una ordenanza respecto a los estacionómetros, cuya impugnación se atiende por el trámite administrativo que el municipio aprobó, según lo autoriza el artículo 2.003(a) de la *Ley de Municipios Autónomos*.[22] Igualmente, tampoco aconteció que el Hotel infringió una ordenanza, resolución o reglamento municipal relacionada con la facultad del ayuntamiento para reglamentar, investigar, emitir decisiones, certificados, permisos, endosos y concesiones que, conforme el artículo 2.003(b) de la *Ley de Municipios Autónomos*, podría conllevar la imposición y cobro de multas administrativas por parte del municipio, según el procedimiento vigente en el Código Administrativo aprobado por el Municipio de San Juan.[23]

---

[22] Véase, Ordenanza Núm. 8, Serie 2002-03, *Código de tránsito y estacionamiento vehicular del Municipio de San Juan*, Capítulo IX, *Reglamento para la operación y administración del sistema de estacionómetros (parquímetros) en el Municipio de San Juan*, pág. 227.

[23] Destacamos que, ante la situación atípica acontecida en el presente caso, no consideraremos la controversia respecto a si un municipio está facultado para establecer, *motu proprio* mediante reglamento, el requisito jurisdiccional de la presentación de una moción de reconsideración en el organismo municipal antes de acudir al Tribunal de Primera Instancia con un recurso de revisión judicial para impugnar la imposición de una multa administrativa, a pesar de que tal requisito no está contemplado en la *Ley de Municipios Autónomos*.

En todo momento, las partes argumentaron y los foros *a quo* atendieron el caso conforme al Código Administrativo del Municipio de San Juan y no según el trámite establecido en el artículo 23.05 de la *Ley de Tránsito*. Nótese que tenemos ante nuestra consideración una infracción a una ordenanza municipal concerniente a la circulación, estacionamiento y tránsito de vehículos de motor del municipio capitalino. Es decir, el tipo de multa administrativa o boleto expedido requería que el Hotel **únicamente** utilizara el mecanismo provisto por la legislación estatal de tránsito si deseaba impugnarlo. Sin embargo, para que el Hotel pudiera presentar el recurso de revisión judicial sobre la multa recibida ante el Tribunal de Primera Instancia, el boleto tenía que cumplir con el debido proceso de ley e incluir las advertencias que señalamos en *Hernández* con relación al derecho de revisión y el procedimiento estatuido en el artículo 23.05 de la *Ley de Tránsito* que a estos fines gobierna el artículo 2.003(a) de la *Ley de Municipios Autónomos*.

IV

Por los fundamentos expuestos, se revocan las *Sentencias* de los foros *a quo* y se devuelve el caso al Tribunal de Primera Instancia para que atienda el recurso de revisión judicial de manera compatible con lo aquí resuelto.

Se dictará sentencia de conformidad.

Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Francisco Torres; Jorge Martel; Carlos Sánchez Castro y Maribel González p/c Hotel Ciqala

    Peticionarios

        v.

Municipio Autónomo de San Juan

    Recurrido

AC-2019-0155

SENTENCIA

En San Juan, Puerto Rico, a 14 de enero de 2022.

Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, se revocan las *Sentencias* de los foros *a quo* y se devuelve el caso al Tribunal de Primera Instancia para que atienda el recurso de revisión judicial de manera compatible con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo