ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| UNIVERSIDAD CENTRAL DE BAYAMÓN<br><br>Apelante<br><br>v.<br><br>BRYAN SÁNCHEZ PÉREZ Y OTROS<br><br>Apelados | KLAN202500066 | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CG2024CV02302<br><br>Sobre:<br>Cobro de Dinero (Regla 60) |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 11 de marzo de 2025.

Comparece la Universidad Central de Bayamón ("UCB"), mediante apelación y solicita la revisión de la *Sentencia* emitida el 30 de octubre de 2023 y notificada el 4 de noviembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Caguas ("TPI"). Mediante el referido dictamen, el TPI desestimó la demanda sobre cobro de dinero instada por la Apelante en contra de Bryan Sánchez Pérez ("Sr. Sánchez Pérez") y Catherine Pérez Cardona ("Sra. Pérez Cardona") (en conjunto, "Apelados").

Por los fundamentos que expondremos a continuación, se *Confirma* la *Sentencia* apelada.

## I.

El 26 de junio de 2024, la Universidad Central de Bayamón ("UCB") presentó una demanda en cobro de dinero, bajo el procedimiento sumario dispuesto en la Regla 60 de Procedimiento Civil, en contra del Sr. Sánchez Pérez y su madre, la Sra. Pérez Cardona, por concepto de matrícula no pagada, por la suma de $1,592.12, más $557.24 por honorarios de abogado.

El 2 de julio de 2024, la UCB tramitó por correo certificado la notificación de la demanda a los apelados. Conforme surge del sistema de rastreo del Servicio Postal de los Estados Unidos ("USPS"), la

correspondencia fue entregada a un vecino del Sr. Sánchez Pérez y la Sra. Pérez Cardona, sin especificar el nombre del aludido vecino o la residencia de entrega.

El 30 de octubre de 2024, se celebró la Conferencia Inicial. Ante la incomparecencia del Sr. Sánchez Pérez y la Sra. Pérez Cardona, el foro de instancia señaló que, la notificación-citación fue recibida por un vecino y no por las partes. Como corolario, ese mismo día, el TPI emitió una *Sentencia*, notificada el 4 de noviembre de 2024, mediante la cual desestimó la demanda, sin perjuicio, por falta de notificación dentro del término.

Inconforme, el 19 de diciembre de 2024, la UCB presentó una moción de reconsideración ante el foro de instancia, la cual fue denegada mediante *Resolución* emitida el 19 de diciembre de 2024 y notificada el 27 de diciembre de 2024.

Insatisfecha aún, el 27 de enero de 2025, la UCB acudió ante esta Curia mediante *Escrito de Apelación Civil*. La Apelante señaló los siguientes errores:

> **Erró el TPI al desestimar la demanda, sin perjuicio, por alegada falta de notificación dentro del término.**
>
> **Erró el TPI al concluir y asumir que la notificación-citación de la Regla 60 se le dejó a un vecino y, por consiguiente, que la parte demandada no fue debidamente notificada.**
>
> **Erró el TPI al establecer, como requisito, que se demuestre que la notificación-citación de la Regla 60 fue recibida, específicamente, por la parte demandada, aun cuando dicha regla no exige ese requisito.**
>
> **Erró el TPI al desestimar el caso sin antes convertir el asunto al trámite ordinario, contrario a lo establecido por el Tribunal Supremo de Puerto Rico, en el caso Cooperativa v. Hernández Hernández, 205 DPR 624 (2020).**
>
> **Erró el TPI al desestimar la demanda en violación al debido proceso de ley y a la Regla 1 de Procedimiento Civil sobre la solución justa, rápida y económica de todo procedimiento.**

El 29 de enero de 2025, le concedimos a los apelados un término de treinta (30) días, para presentar su alegato en oposición. Transcurrido el término sin la comparecencia de la parte apelada, procedemos a resolver.

## II.

### -A-

El debido proceso de ley es un derecho fundamental reconocido tanto en nuestra Constitución como en la Constitución Federal. Artículo II, Sec. 7, Const. ELA, LPRA, Tomo 1; Emda. V y XIV, Const. EE.UU. Dicha garantía opera en dos dimensiones distintas, a saber, la sustantiva y la procesal. *ELA et al. v. Molina Figueroa*, 186 DPR 461 (2012). El debido proceso de ley sustantivo pretende proteger y salvaguardar los derechos fundamentales de las personas al requerirle al Estado justificación al intervenir con los mismos. Por otro lado, en su vertiente procesal el debido proceso de ley busca garantizar que la interferencia con los intereses de libertad o propiedad de las personas se lleve a cabo a través de un procedimiento que sea imparcial y justo.

Nuestra jurisprudencia ha establecido varios requisitos que todo procedimiento adversativo debe cumplir para satisfacer las exigencias mínimas del debido proceso de ley, a saber: **que las partes sean notificadas adecuadamente del proceso**; que las partes tengan la oportunidad de ser oídos; que el proceso se lleve a cabo ante un juzgador imparcial; que las partes tengan derecho a contrainterrogar a los testigos y a examinar la evidencia presentada en su contra; que la decisión se base en evidencia presentada y admitida en juicio y que las partes tengan derecho a tener asistencia de abogado. (Énfasis suplido). *Hernández v. Secretario*, 164 DPR 390 (2005); *McConell v. Palau*, *supra*; *Rivera Rodríguez v. Lee Stowell*, 133 DPR 881 (1993).

### -B-

Las Reglas de Procedimiento Civil, 32 LPRA Ap. V, aplican en todos los procedimientos de naturaleza civil ante el Tribunal General de Justicia. La Regla 60 de las de Procedimiento Civil, 32 LPRA Ap. V., R. 60, es un procedimiento sumario de casos de cobro de dinero de $15,000 o menos. En específico, la Regla 60, *supra*, dispone lo siguiente:

> Cuando se presente un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, excluyendo los

intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario, la parte demandante deberá presentar un proyecto de notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. La parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia de ésta, mediante entrega personal conforme a lo dispuesto en la Regla 4 o por correo certificado.

La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a partir de la presentación de la demanda, pero nunca antes de quince (15) días de la notificación a la parte demandada. En la notificación se advertirá a la parte demandada que en la vista deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra.

La parte demandante podrá comparecer a la vista por sí o mediante representación legal. El Tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Como anejo a la demanda, el demandante podrá acompañar una declaración jurada sosteniendo los hechos contenidos en la demanda o copia de cualquier otro documento que evidencie las reclamaciones de la demanda. Si la parte demandada no comparece y el Tribunal determina que fue debidamente notificada y que le debe alguna suma a la parte demandante, será innecesaria la presentación de un testigo por parte del demandante y el Tribunal dictará sentencia conforme a lo establecido en la Regla 45. Si se demuestra al Tribunal que la parte demandada tiene alguna reclamación sustancial, o en el interés de la justicia, cualquiera de las partes tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el Tribunal podrá motu proprio ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario.

Para la tramitación de un pleito conforme al procedimiento establecido en esta Regla, la parte demandante debe conocer y proveer el nombre y la última dirección conocida de la parte demandada al momento de la presentación de la acción judicial. De lo contrario, el pleito se tramitará bajo el procedimiento ordinario.

La parte demandante tiene una responsabilidad absoluta de notificar y citar dentro de 10 días a la parte contraria sobre la demanda presentada con copia de la misma y su citación a la vista. La misma debe ser diligenciada mediante entrega personal o por correo certificado, según la Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4.

En el caso Cooperativa v. Hernández Hernández, 205 DPR 624, 631 (2020), el Tribunal Supremo expresó que el propósito primordial de la Regla 60 de las de Procedimiento Civil, *supra,* es *"agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas, para así lograr la facilitación del acceso a los tribunales y una justicia más rápida,*

*justa y económica en este tipo de reclamación"*. A su vez, nuestro Máximo Foro enfatizó que, el principio de la Regla 60, *supra*, es uno sumario, por lo que *"le aplicarán las reglas de procedimiento civil ordinario de manera supletoria, en tanto y en cuanto éstas sean compatibles con el procedimiento sumario establecido en dicha regla"*. *Íd.*, pág. 631.

A su vez, el Tribunal Supremo dispuso que, para que un dictamen en rebeldía prevalezca en una acción de cobro de dinero bajo la Regla 60 de las de Procedimiento Civil, *supra*, el foro primario debe corroborar que: (1) el demandado sea el deudor, (2) este recibió la notificación-citación conforme a derecho y (3) de la prueba aportada por el demandante, este demostró que tiene una causa de acción de cobro de dinero líquida y exigible contra el demandado, Cooperativa v. Hernández Hernández, *supra*, págs. 631-632. En otras palabras, para que prevalezca la anotación en rebeldía, es importante que el diligenciamiento de la notificación-citación haya sido efectiva. Nuevamente, se hace énfasis en que el diligenciamiento de la notificación-citación debe ser hecha por la parte demandante mediante entrega personal o correo certificado.

Sobre el requisito de notificar a la última dirección conocida del deudor, el Tribunal Supremo ha expresado que no basta con notificar a cualquier dirección, debe notificarse a la dirección correcta. Román Ortiz v. OGPe, 203 DPR 947, 959 (2020). Sin embargo, lo importante es que la dirección a la que se envíe la notificación sea una que tenga una probabilidad razonable, dentro de las circunstancias particulares del caso, de informar al demandado de la reclamación en su contra. Rivera v. Jaume, 157 DPR 562, 578 (2002).

Finalmente, para que un caso sumario bajo la Regla 60, *supra*, pueda convertirse en un procedimiento ordinario, se observarán los siguientes criterios:

> (1) si la parte demandada demuestra que tiene una reclamación sustancial; (2) cuando, en el interés de la justicia, las partes ejercen su derecho de solicitar que el pleito se continúe ventilando por el trámite civil ordinario; (3) partiendo de ese mismo interés, el tribunal motu proprio tiene la discreción para así ordenarlo, y (4) cuando la parte demandante

no conoce ni provee el nombre y la dirección del deudor. Cooperativa v. Hernández Hernández, *supra*, pág. 637-638.

**III.**

Los Apelantes nos solicitan que revoquemos la *Sentencia*, mediante la cual el foro primario desestimó sin perjuicio la demanda instada por la UCB en contra del Sr. Sánchez Pérez y la Sra. Pérez Cardona, por falta de una notificación-citación adecuada.

Por estar intrínsecamente relacionados, los errores serán discutidos de manera conjunta. En síntesis, la UCB arguye que el foro primario erró al desestimar la demanda, toda vez que los apelados fueron presuntamente notificados conforme a derecho. No le asiste razón. Veamos.

La Regla 60 de las de Procedimiento Civil, *supra*, indica que para que una acción de cobro prevalezca se debe notificar y citar al demandado, entregando copia de la demanda de manera personal o mediante correo certificado. De los hechos surge que, este diligenciamiento se incumplió debido a que la UCB notificó-citó por correo certificado usando la opción de entregar a un vecino. Entregar a un vecino del demandado no es entregarle a la parte demandada. La aludida regla es clara al exigir que la parte demandada sea notificada de manera personal o por correo certificado.

Ciertamente, la UCB incumplió con el requisito de notificar personalmente o por correo certificado al Sr. Sánchez Pérez y a la Sra. Pérez Cardona. La notificación nunca fue recibida por la parte apelada, sino por un vecino. En otras palabras, el derecho constitucional a un debido proceso de ley de los apelados fue violentado al no habérsele notificado adecuadamente del procedimiento instado en su contra.

Por otro lado, el caso no se podía convertir en un procedimiento ordinario debido a que los apelados nunca fueron notificados correctamente, por lo que no tenían conocimiento de la demanda. Para que el debido proceso de ley sea uno justo, rápido y económico ante una acción de cobro de dinero, se deben cumplir con los requisitos que exige la Regla 60 de las de Procedimiento Civil, *supra*, entiéndase; que (1) el demandado sea el deudor, (2) este recibió la notificación-citación conforme a derecho y

(3) de la prueba aportada por el demandante, este demostró que tiene una causa de acción de cobro de dinero líquida y exigible contra el demandado, <u>Cooperativa v. Hernández Hernández</u>, *supra*, págs. 631-632.

En vista de lo anterior, concluimos que el foro de instancia no incidió al desestimar la causa de acción, tras determinar que la notificación-citación no fue realizada conforme exige la Regla 60 de las de Procedimiento Civil, *supra*.

**IV.**

Por los fundamentos que anteceden, se *Confirma* la *Sentencia* apelada.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones