ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| HIRAM TORRES MONTALVO, en su carácter de Secretario Interino del Departamento de Asuntos del Consumidor a Favor del Consumidor EDDIE ÁVILA y BRENDA MALDONADO<br><br>Demandante- Apelados<br><br><br>V.<br><br><br>EURIBIADES CABRERA CASTILLO H/N/C GARAJE LAS PALMAS CABRERA<br><br>Demandados- Apelantes | KLAN202300461 | *Apelación* Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan |
| | | Caso Núm.: SJ2023CV02205 (Salón 907) |
| | | SOBRE: Petición de hacer cumplir Orden (DACO-Ley Núm. 5 del 23 de abril de 1973, 3 LPRA 341E(I)) |

Panel integrado por su presidente el juez Sánchez Ramos, el juez Rivera Torres y el juez Salgado Schwarz.

Salgado Schwarz, Carlos G., Juez Ponente

# S E N T E N C I A

En San Juan, Puerto Rico, a 30 de junio de 2023.

Comparece el apelante, Euribiades Cabreras Castillo h/n/c Garaje Las Palmas, mediante recurso de Apelación presentado el 25 de mayo de 2023, y solicita la revisión de la Sentencia dictada el 25 de abril de 2023, por el Tribunal de Primera Instancia, Sala de San Juan (TPI). Mediante el referido dictamen, el TPI ordenó el cumplimiento de una Resolución administrativa en la cual el Departamento de Asuntos del Consumidor (DACo) impuso el pago de $14,553.81 por la reparación de un vehículo de motor; más $9,006.05 en daños. Además, ordenó pagar $3,000 en honorarios de abogado y $1,150 por el perito utilizado en la presente reclamación.

Evaluado el recurso ante nuestra consideración y el alegato en oposición, a la luz del derecho aplicable y

por los fundamentos que explicamos a continuación, confirmamos la Sentencia apelada.

I.

Según surge del expediente, el 10 de marzo de 2022, el DACo presentó una *Petición para Hacer Cumplir Orden* contra el Apelante. La agencia alegó que adjudicó la Querella Número SAN-2021-0010174 el 4 de noviembre de 2022 y, a pesar de ésta advenir final y firme, el Apelante no cumplió con lo ordenado en dicho dictamen. En consecuencia, le solicitó al TPI que dictara sentencia para ordenar el fiel cumplimiento de la Resolución administrativa del DACo. Asimismo, la agencia solicitó que le impusiera al Apelante el pago de honorarios de abogado bajo apercibimiento de desacato.[1]

La Resolución que el DACo interesa poner en vigor concluyó que el Apelante incumplió con un contrato de arrendamiento de servicios suscrito con los querellantes Brenda Maldonado y Eddie Ávila. Por ello, el DACo le ordenó al Apelante a pagarle a los querellantes $14,553.81 por la reparación de un vehículo de motor y $9,006.05 en daños. Además, le ordenó pagar $3,000 en honorarios de abogado y $1,150 por el perito utilizado en la presente reclamación.[2]

El 10 de marzo de 2023, el TPI emitió una *Orden de Mostrar Causa* por la cual no debía dictarse sentencia contra el Apelante para ordenar el cumplimiento de la Resolución emitida por el DACo.[3]

El 3 de abril de 2023, el Apelante presentó una *Moción en Cumplimiento de Orden y Solicitud de Remedio*. Alegó, que la Resolución del DACo no le fue debidamente

---

[1] Recurso de apelación, Anejo 1, págs. 1-2.
[2] *Íd.*, págs. 5-15.
[3] Recurso de apelación, Anejo 2, pág. 17.

notificada, pues la agencia no cumplió con las Secciones 3.2 y 3.15 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, 3 LPRA secs. 9642 y 9655. Específicamente sostuvo que:

> […] cuando se envió la notificación por correo electrónico en este caso, según surge del documento sometido por la propia parte peticionaria en la entrada número 1 de SUMAC (véase anejo) puede observarse que la notificación viene de Microsoft Outlook y con el nombre de Viviana Lebrón Rivera. En ninguna parte de la notificación se hace referencia al Departamento de Asuntos del Consumidor o DACO, por tanto, la misma no es adecuada ya que adolece de lo más obvio e importante; informar que la misma proviene de DACO.[4]

El 17 de abril de 2023, el DACo presentó una *Moción en Cumplimiento de Orden*. Alegó, que cumplió con la normativa aplicable a las notificaciones en los procedimientos administrativos pues:

> 3. … la resolución fue a las partes y los abogados, y en la certificación y notificación de la resolución se incluyó el nombre de las partes y sus abogados y sus respectivos correos electrónicos. Igualmente, los apercibimientos en la resolución sobre los procesos de reconsideración y revisión fueron incluidos conforme la Ley de Procedimientos Administrativos Uniformes.
>
> 4. […]
>
> 5. El documento de notificación, a través de la Jueza Administrativa Lilliana M. Lebrón Rivera, tiene el anejo referente a la resolución de la Agencia en caso número SAN-2021-10174 y la constancia de que fue notificada a las partes y abogados: eddiehavila@gmail.com; epololaw@gmail.com; y grajelaspalmas@gmail.com.
>
> 6. Así también, el certifico de la notificación de la resolución especifica a las partes y abogados y los correos electrónicos a los que fueron enviados.[5]

---

[4] Recurso de apelación, Anejo 3, pág. 20. Véase, además, Anejo 1, pág. 3.
[5] Recurso de apelación, Anejo 4, pág. 22.

El 18 de abril de 2023, el Apelante replicó. Reiteró que la notificación de la Resolución administrativa no fue adecuada porque no se hizo referencia al DACo, sino a Viviana Lebrón Rivera. Añadió, que "[u]na persona no viene obligada a abrir todos sus correos electrónicos, sobre todo cuando recibe cientos al día, como sucede en los negocios como el de la parte peticionada, que recibe muchos anuncios, promociones, "spam", etc. Es por tal razón, que la notificación sobre el remitente debe ser adecuada en informar al destinatario que se trata de una notificación del DACO".[6] Por último, sostuvo que el DACo no controvirtió su planteamiento ya que "la única manera de ver un anejo en un correo electrónico es abriéndolo, lo que recae precisamente sobre nuestro planteamiento de que la parte peticionada no va a abrir un correo electrónico que no reconoce su procedencia.[7]

El 25 de abril de 2023, el TPI celebró una vista evidenciaria a la que comparecieron las partes representadas por sus respectivos abogados. En la misma, las partes estipularon la siguiente prueba documental anunciada por el DACo: 1) Resolución de 4 de noviembre de 2022 y su notificación de resolución; 2) Correo electrónico de 4 de noviembre de 2022 de Viviana Lebrón Rivera bajo el asunto SAN-2021-0010174 con anejo de resolución y moción informativa conforme a la Sección 3.02 de LPAU a los siguientes correo electrónicos: eddiehavila@gmail.com, epololaw@gmail.com, garagelaspalmas@gmail.com; 3) Acuse de recibo generado por el sistema de Microsoft Outlook el 4 de noviembre de 2022 del correo electrónico previo a los siguientes

---

[6] Recurso de apelación, Anejo 5, pág. 24.
[7] *Íd.*

correos        electrónicos:        eddiehavila@gmail.com,

epololaw@gmail.com,      garagelaspalmas@gmail.com;      4)

Certificación de la Directora Regional del DACo de San

Juan, Lcda. Mildred López Pérez de 24 de abril de 2023,

en la Querella número SAN-2021-0010174, referente a los

Anejos 1, 2 y 3; y 5) Declaración jurada del Oficial

Principal de Informática del DACo, Sr. Efraín Huerta

Muñiz de 24 de abril de 2023, referente a los Anejos 2

y 3. Por su parte, el Apelante no presentó ningún testigo

o prueba documental.

Evaluada la prueba documental estipulada, el TPI

dictó la *Sentencia* apelada. En su dictamen, el TPI hizo

las siguientes determinaciones de hechos:

1. El 1 de diciembre de 2021, Eddie Ávila y Brenda Maldonado ("parte querellante") radicaron en el DACO la querella núm. SAN-2021-0010174 en contra de Euribides Cabreras Castillo h/n/c Garaje Las Palmas Cabrera II ("parte querellada" o "parte peticionada"), sobre alegados servicios prestados de manera defectuosa.

2. Luego de varios trámites procesales, el 12 de septiembre de 2022 se celebró una vista administrativa a la cual comparecieron las partes, incluyendo la parte peticionada por derecho propio.

3. Dicha [vista] administrativa se celebró ante la Jueza Administrativa del DACO, Lcda. Viviana M. Lebrón Rivera.

4. El 4 de noviembre de 2022 se archivó en autos copia de la Resolución final del DACO, emitida por la mencionada Jueza Administrativa, licenciada Lebrón Rivera.

5. La dirección electrónica oficial de la Jueza Administrativa del DACO, licenciada Lebrón Rivera, es vlebron@daco.pr.gov.

6. La licenciada Lebrón Rivera certificó que notificó la mencionada Resolución

a las partes, incluyendo a la parte querellada a su dirección electrónica: garajelaspalmas@gmail.com.

7. El DACO, por conducto del correo electrónico oficial de la Jueza Administrativa, licenciada Lebrón Rivera, en efecto notificó dicha Resolución a las partes, incluyendo a la parte peticionada, el 4 de noviembre de 2022.

8. Del propio cuerpo del correo electrónico remitido por la licenciada Lebrón Rivera se desprende claramente que ésta es una comunicación oficial del DACO, emitida y notificada por la Jueza Administrativa de dicha agencia que tenía asignado el caso y que presidió la vista administrativa el 12 de septiembre de 2022, a la cual había comparecido la parte peticionada. Además, dicho correo electrónico notifica claramente que su *subject* es el número del caso ante la agencia a la cual se anejó una resolución y orden administrativa.

9. Es un hecho incontrovertido, pues así lo admitió dicha parte en la vista de mostrar causa, que el correo electrónico de [la] parte peticionada en este caso es: garajelaspalmas@.gmail.com.

10. **Es un hecho incontrovertido -e incluso admitido por la representación legal de la parte peticionada- que el correo electrónico mediante el cual el DACO notificó como anejo la resolución emitida por la Jueza Administrativa del DACO, licenciada Lebrón Rivera, fue recibido en la dirección electrónica de dicha parte.**

11. El correo electrónico con la Resolución anejada que fue enviado a la parte querellada no fue devuelto al servicio de correo electrónico del DACO (y de su Jueza Administrativa, licenciada Lebrón Rivera), a saber, Microsoft Outlook (ni tampoco fue rechazado por el servicio de correo electrónico de la parte peticionada: Gmail). Ello fue certificado tanto por la Juez Administrativa como por la Directora Regional y el Oficial Principal de Informática del DACO.

(Énfasis nuestro) (Notas al calce omitidas).[8]

Conforme tales determinaciones, el TPI concluyó que la notificación electrónica que recibió el Apelante fue adecuada y oportuna. En consecuencia, declaró ha lugar la *Petición para Hacer Cumplir Orden* presentada por el DACo. En particular, ordenó al Apelante a pagar $14,553.81 por la reparación del vehículo de motor, $9,006.05 en daños, $3,000 en honorarios de abogado y $1,150 por el perito utilizado en la presente reclamación.

Inconforme con dicha determinación, el Apelante presentó el recurso de epígrafe. Alega que el TPI cometió los siguientes errores:

1. Erró el TPI al determinar que la notificación hecha por el DACo fue adecuada a pesar de que la propia evidencia presentada por DACo demuestra lo contrario.

2. Erró el TPI al no aplicar el Reglamento 8034 del DACo, cuando este concede garantías mayores a la parte adversamente afectada por la resolución dictada que las garantías mínimas establecidas por la Ley de Procedimiento Adjudicativo Uniforme (LPAU).

3. Erró el TPI al colocar el peso de la prueba sobre la parte apelante, requiriéndole demostrara que el DACo no notificó adecuadamente cuando la Ley y Reglamento requieren que sea la agencia quien notifique cumpliendo con las garantías mínimas procesales.

Contando con la comparecencia del DACo, en el que sostiene la corrección del dictamen recurrido, procedemos a resolver la controversia en virtud del derecho aplicable.

II.

---

[8] Recurso de apelación, Apéndice, *Sentencia*, págs. 30-31.

El procedimiento adjudicativo administrativo debe ceñirse a las garantías mínimas del debido proceso de ley, conforme al interés involucrado y a la naturaleza del procedimiento que se trate. *Álamo Romero v. Adm. de Corrección*, 175 DPR 314, 329, 330 (2009); *López Vives v. Policía de P.R.*, 118 DPR 219, 231 (1987).

Todo procedimiento adversativo debe cumplir con unos requisitos básicos para satisfacer las exigencias del debido proceso, a saber: (1) una notificación adecuada; (2) que el proceso se celebre ante un juez imparcial; (3) la oportunidad de ser oído y defenderse; (4) el derecho a contrainterrogar a los testigos y a examinar evidencia presentada en su contra; (5) contar con la asistencia de un abogado; y (6) que la decisión se base en el récord. Véase, *Vázquez González v. Mun. San Juan*, 178 DPR 636, 643 (2010); *Hernández v. Secretario*, 164 DPR 390, 395-396 (2005); *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 DPR 881, 889 (1993). Cónsono con lo anterior, la Sección 3.1(a) de la Ley Núm. 38-2017, conocida como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9641(a), reconoce las garantías antes indicadas.

En cuanto al requisito de notificación en el ámbito del derecho administrativo, las agencias administrativas están obligadas a notificar **adecuadamente** los dictámenes emitidos en los procedimientos administrativos. *Román Ortiz v. OGPe*, 203 DPR 947, 954 (2020). En particular, la Sección 3.14 de la LPAU, establece lo siguiente:

> **La agencia deberá notificar con copia simple por correo ordinario o electrónico a las partes, y a sus abogados de tenerlos, la orden o resolución** a la brevedad posible, y deberá archivar en

autos copia de la orden o resolución final y de la constancia de la notificación. Una parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma. 3 LPRA sec. 9654. (Énfasis nuestro).

Por su parte, la Regla 7(b) del Reglamento Núm. 8034 del 14 de junio de 2011, conocido como Reglamento de Procedimientos Adjudicativos del DACo (Reglamento 8034), dispone que la dirección **"que obre en el expediente será la dirección para recibir notificaciones, entendiéndose que cumple con la notificación establecida en el ordenamiento jurídico"**. (Énfasis nuestro). En cuanto a la notificación de escritos, la Regla 28 del Reglamento 8034 establece lo siguiente:

Regla 28 – Notificación de Escritos.

28.1. Toda parte que radique un escrito ante el Departamento vendrá obligada a notificarlo de inmediato a las demás partes que hayan comparecido en el procedimiento administrativo.

**Toda notificación se llevará a cabo mediante el envío de una copia del escrito por correo a las partes o sus representantes, a las direcciones postales que hayan informado. La notificación por correo puede ser sustituida por notificación** personal o por transmisión electrónica, **digital mediante correo electrónico** y tele- copiador (fax) **cuando así las partes lo soliciten por escrito y el Departamento tenga los recursos disponibles.** El Departamento vendrá obligado a notificar toda orden, resolución u otra actuación oficial a todas las partes que hayan comparecido en el procedimiento administrativo. (Énfasis nuestro).

III.

En síntesis, el Apelante alega que la notificación de la Resolución administrativa no fue adecuada porque provino de Viviana Lebrón Rivera y "no apercibe a la parte querellada de que la misma es una notificación

oficial del DACO". Contrario a lo planteado por el Apelante, concluimos que el DACO notificó adecuadamente la Resolución administrativa. Veamos.

Según señalamos, a los fines de dirimir la presente controversia, el 25 de abril de 2023, el TPI celebró una vista evidenciaria. En la misma, las partes estipularon 4 documentos que se hicieron formar parte del récord y que apoyan todas las determinaciones de la Sentencia apelada, entre estos: el Acuse de recibo generado por el sistema de Microsoft Outlook el 4 de noviembre de 2022.[9] En dicho documento surge el nombre de Viviana Lebrón Rivera, Jueza Administrativa del DACO quien presidió la vista administrativa del 12 de septiembre de 2022, y en su *Subject* se indica claramente el número SAN-2021-10174, que es el número del caso ante la agencia.

Además, surge de los hechos determinados en la Sentencia que el Apelante compareció a la vista administrativa que se celebró ante la Jueza Administrativa del DACo, Lcda. Viviana Lebrón Rivera. Por tal razón, es razonable concluir que el Apelante debía saber que la remitente del recibo generado por el sistema de Microsoft Outlook el 4 de noviembre de 2022, Viviana Lebrón Rivera, era precisamente la Jueza Administrativa que presidió la vista administrativa sobre la querella presentada contra el Apelante.

Debemos destacar también que el Apelante incluso admitió que recibió la notificación de la Resolución administrativa mediante correo electrónico, y que dicho hecho no estaba en controversia. Así pues, es razonable

---

[9] Véase, Anejo 1, pág. 3.

concluir que el Apelante fue notificado de la Resolución emitida por el DACo.

Finalmente, si el Apelante no consintió a ser notificado de los escritos mediante correo electrónico debió alertar oportunamente al DACo al respecto. No obstante, como bien advirtió el DACo en su Sentencia, el Apelante no hizo el planteamiento ante la agencia, por lo que nada impedía que fuera notificado de la Resolución Administrativa al correo electrónico que surge del expediente administrativo.

En vista de lo anterior, no encontramos razón que justifique nuestra intervención con la determinación apelada, por lo que debe confirmarse.

IV.

Por los fundamentos expuestos, se confirma la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*