| Estado Libre Asociado de Puerto Rico TRIBUNAL DE APELACIONES PANEL I | | |
|---|---|---|
| JOAN M. MORALES COSME  Recurrente  v.  DEPARTAMENTO DE EDUCACIÓN  Recurrida | KLRA202400107 | Revisión procedente de la Oficina de Apelaciones del Sistema de Educación  Caso núm.: OASE-2022-00022  Sobre: Retención |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de mayo de 2024.

La Oficina de Apelaciones del Sistema de Educación (la "Oficina") desestimó una *Apelación* presentada por una maestra transitoria cuyo contrato no fue renovado. Según se explica a continuación, concluimos que erró la Oficina, pues, (i) dada la legislación y reglamentación aplicable a esta situación particular, la decisión impugnada es apelable ante la Oficina y (ii) el recurso se presentó de forma oportuna, pues el término formal nunca comenzó a decursar y no hubo incuria de parte de la referida maestra.

I.

La Sa. Joan M. Morales Cosme (la "Recurrente") ostentó un puesto transitorio como maestra de ciencias de la familia y consumidor en la escuela José M. Torres del Municipio de Bayamón, adscrita al Departamento de Educación ("Educación"), desde el 1 de noviembre de 2021 hasta el 22 de julio de 2022. Al conocer que su nombramiento no se le extendería, el 8 de julio de 2022, la Recurrente solicitó una determinación final escrita en la que constaran las razones para ello. El 13 de julio, antes de que terminara su contrato, reiteró por escrito su solicitud de una

Número Identificador
SEN2024_____

determinación escrita en cuanto a la razón por la cual no se le extendería el nombramiento.

Ante la falta de una respuesta por parte de Educación durante el término de su contrato, la Recurrente, en unión a otros maestros, interpuso un recurso de *mandamus* (SJ2022CV06634) ante el Tribunal de Primera Instancia ("TPI"). En síntesis, solicitó que el TPI le ordenara a Educación cumplir con su supuesto deber ministerial de notificar una determinación escrita con las razones por las cuales no se le extendió el nombramiento transitorio.

El 10 de agosto de 2022, presumiblemente en atención al referido recurso de *mandamus*, Educación emitió una *Certificación*. En cuanto a la Recurrente, de la aludida *Certificación* se desprende, como razón para no extenderle el nombramiento transitorio, que obtuvo una evaluación de nivel mínimo.[1]

El 9 de septiembre de 2022, la Recurrente instó la *Apelación* de referencia ante la Oficina (la "Apelación"). Impugnó el referido proceso de evaluación. Hizo referencia a la Ley 56-2019, según enmendada, y a un *Memorando* emitido por Educación el 28 de febrero de 2022 (el "*Memorando*").

En lo pertinente, en junio de 2023, Educación presentó una *Moción de Desestimación*. Arguyó que la Recurrente no tenía derecho a acudir a la Oficina, pues no era empleada de la agencia; en la alternativa, sostuvo que la Apelación se presentó luego del término aplicable.

Por su parte, la Recurrente se opuso a la moción de desestimación; afirmó que había presentado la Apelación dentro del término de treinta (30) días desde que Educación le entregó la Certificación con las razones para no haberse extendido su puesto transitorio.

---

[1] Véase, *Certificación*, Apéndice F del recurso, pág. 30.

Mediante una *Resolución Sumaria* notificada el 3 de enero de 2024, la Oficina desestimó la *Apelación*. Razonó que únicamente tendría jurisdicción si el nombramiento transitorio de la Recurrente se hubiese cancelado antes de su vencimiento. De todas maneras, también concluyó que la Apelación habría sido tardía, pues el término habría comenzado a transcurrir desde la fecha de terminación de su nombramiento, y no desde que Educación le notificó la *Certificación*.

El 19 de enero, la Recurrente incoó una *Moción en Solicitud de Reconsideración*. La Oficina no actuó en torno a dicha solicitud, por lo cual se considera denegada de plano.

Inconforme, el 1 de marzo, la Recurrente interpuso el recurso de referencia; formula los siguientes señalamientos de error:

> Primero: Erró la OASE al decretar que no hubo constancia cuando fue notificada la determinación final de no renovar el contrato a la recurrente y ante ello decretar el cierre y archivo con perjuicio, de la presente apelación por falta de jurisdicción para entender la controversia planteada, en clara violación al debido proceso de ley y la reglamentación de OASE.

> Segundo: Erró la OASE al decretar que tratándose de un puesto transitorio la radicación de la apelación se presentó fuera del término establecido por la OASE y ante ello decretar el cierre y archivo con perjuicio, de la presente apelación por falta de jurisdicción para entender la controversia planteada, en clara violación del debido proceso de ley, el Reglamento de Personal del Departamento de Educación y la Reglamentación de la OASE.

El 8 de abril, a través de la Oficina del Procurador General de Puerto Rico, Educación presentó su alegato en oposición. Planteó que, (i) como la Recurrente no tenía "expectativa de retención de su empleo", no era apelable a la Oficina la no extensión de su nombramiento; (ii) en caso de que la decisión fuese apelable, la Apelación se presentó de forma tardía, pues el término habría comenzado a transcurrir al terminar el nombramiento de la Recurrente; y (iii) de todas formas, en los méritos, fue correcta la determinación de no extenderle a la Recurrente su nombramiento,

a la luz del "resultado de su evaluación", el cual no fue impugnado oportunamente.

## II.

En lo atinente a la evaluación de una solicitud de revisión judicial, los tribunales tienen que otorgar gran deferencia a las decisiones que toman las agencias administrativas, pues son éstas las que, de ordinario, poseen el conocimiento especializado para atender los asuntos que les han sido encomendados. *Camacho Torres v. AAFET*, 168 DPR 66, 91 (2006).

El tribunal deberá sostener las determinaciones de hecho de la agencia cuando estén basadas en evidencia sustancial que surja del expediente administrativo. 3 LPRA sec. 9675. Sin embargo, el tribunal podrá revisar en todos sus aspectos las conclusiones de derecho de las decisiones de la agencia. *Íd.*

En resumen, al ejercer su facultad revisora el tribunal debe considerar los siguientes aspectos: (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hecho están basadas en evidencia sustancial que surge del expediente, y (3) si las conclusiones de derecho fueron correctas. *Pagán Santiago et al. v. ASR*, 185 DPR 341, 358 (2012).

## III.

Los procesos adjudicativos de índole administrativo tienen que ceñirse a las garantías mínimas del debido proceso de ley. *Álamo Romero v. Adm. de Corrección*, 175 DPR 314, 329, 330 (2009); *López Vives v. Policía de P.R.*, 118 DPR 219, 231 (1987). Todo procedimiento adversativo debe cumplir con unos requisitos básicos para satisfacer las exigencias del debido proceso, a saber: (1) una notificación adecuada; (2) que el proceso se celebre ante un juez imparcial; (3) la oportunidad de ser oído y defenderse; (4) el derecho a contrainterrogar a los testigos y a examinar evidencia presentada en su contra; (5) contar con la asistencia de un abogado; y (6) que

la decisión se base en el récord.  Véase, *Vázquez González v. Mun. San Juan,* 178 DPR 636, 643 (2010); *Hernández v. Secretario,* 164 DPR 390, 395-396 (2005); *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* 133 DPR 881, 889 (1993).

La Sección 3.1 de la LPAU, 3 LPRA sec. 9641(a)(2), reconoce las garantías mínimas del debido proceso de ley:

[...]

En todo procedimiento adjudicativo formal ante una agencia se salvaguardarán los siguientes derechos:

**(A) Derecho a notificación oportuna de los cargos o querellas o reclamos en contra de una parte.**
**(B) Derecho a presentar evidencia.**
**(C) Derecho a una adjudicación imparcial.**
**(D) Derecho a que la decisión sea basada en el expediente**. (Énfasis nuestro).

IV.

El Artículo 3.01 de la Ley 85-2018, 3 LPRA sec. 9803, establece todo lo concerniente al sistema de personal de Educación. En síntesis, se dispone que Educación administrará su propio sistema de personal, el cual deberá incorporar el principio de mérito. Educación tendrá empleados de confianza, empleados de carrera y empleados transitorios. *Íd.* En cuanto a los empleados transitorios, estos serán contratados para trabajos de duración fija y no tendrán derecho propietario sobre su puesto. *Íd.*  En cuanto a las determinaciones finales sobre asuntos de personal, las mismas serán revisadas, a solicitud de parte, en la Oficina, la cual tendrá jurisdicción primaria para atenderlas.  *Íd.*

Cónsono con lo anterior, el Artículo 3.02, 3 LPRA sec. 9803a, de la Ley 85-2018 establece la jurisdicción y funcionamiento de la Oficina.  En síntesis, la Oficina estará compuesta por jueces administrativos, y la organización y operación interna de la Oficina será establecida mediante reglamento promulgado por Educación. Se estableció que la LPAU regirá los procedimientos ante la consideración de la Oficina.

V.

Por su parte, mediante legislación y reglamentación, se dispuso sobre el proceso de extensión de los nombramientos transitorios de maestros.  En efecto, la Ley 56-2019, según enmendada, conocida como *Ley de Extensión de Nombramientos a los Maestros con Estatus Transitorio Provisional y con Nombramientos Elegibles en Cualquier Unidad Académica y los Asistentes de Servicios al Estudiante (T1) Adscritos a la Secretaría Asociada de Educación Especial del Departamento de Educación de Puerto Rico,* 18 LPRA sec. 27 *et seq.,* fue promulgada con el propósito expreso de atender los problemas que cada año provoca el proceso de reclutamiento de maestros transitorios.  En específico, la Asamblea Legislativa señaló lo siguiente:

> [...]
>    [L]os nombramientos de maestros transitorios por un periodo máximo de un (1) año, provoca severos problemas que inciden negativamente en el proceso de enseñanza y aprendizaje.  Entre estos problemas, se dan los casos de miles de estudiantes sin maestros nombrados en los primeros días de clases; estudiantes que no pueden completar las horas contacto del taller en carreras reguladas por las Juntas Examinadoras del Departamento de Estado; extensión del calendario académico en las instituciones postsecundarias para completar las horas créditos y así cumplir con las reglamentaciones federales; alza en el ausentismo entre los estudiantes; y aumento de problemas disciplinarios en las escuelas o instituciones postsecundarias. Véase, Exposición de Motivos, Ley 56-2019.

Como parte de la política pública establecida por la Ley 56-2019 se reconoció el esfuerzo de los empleados docentes con estatus transitorio provisional "que cada año escolar pasan por un proceso burocrático de reclutamiento, proveyéndoles una extensión de nombramiento por un periodo de tres (3) años y brindándoles, a su vez, la oportunidad de cumplir con los requisitos de la certificación docente".  Artículo 2 de la Ley 56-2019, 18 LPRA sec. 276a.

Cónsono con esta política pública, el Artículo 3 de la Ley 56-2019, 18 LPRA sec. 276c, detalla el procedimiento para extender la

vigencia de los nombramientos transitorios para el año escolar 2021-2022 en el cual "el Secretario o la persona a quien este delegue **autorizará** de conformidad con las necesidades del Departamento, **la extensión de los nombramientos** a maestros con nombramiento transitorio provisional". En lo pertinente al recurso que nos ocupa, el inciso (1) del precitado Artículo 3 indica que para la extensión de vigencia del nombramiento **cualifican "los maestros con nombramiento transitorio provisional o con nombramiento transitorio de cualquier unidad académica,** ubicados bajo todo el sistema del Departamento de Educación de Puerto Rico".

Asimismo, el inciso (7) de este artículo expone que cuando el maestro participante en el programa de extensión del nombramiento "no cumpla con lo requerido por el Departamento de Educación, en el tiempo estipulado, dará por terminado su nombramiento, **luego de que el Departamento le haya hecho las notificaciones correspondientes de incumplimiento y cumpla con el proceso administrativo vigente**".

En virtud de la Ley 56-2019, el 28 de febrero de 2022, Educación emitió el *Memorando,* ello con el fin de implantar las disposiciones del estatuto.[2] En el *Memorando,* el entonces Secretario de Educación, Lcdo. Eliezer Ramos Parés, expresó que la Secretaría Auxiliar de Educación Ocupacional y Técnica y la Secretaría Auxiliar de Recursos Humanos "realizaron un estudio para identificar las categorías elegibles para la extensión de nombramientos. Basado en este estudio, y de conformidad con los criterios establecidos más adelante, **identificaron a los maestros que recibirán dicha extensión**". (Énfasis provisto). Luego, el *Memorando* detalló las categorías identificadas de docentes a los que se les extendería el nombramiento y las normas que deberían

---

[2] Véase, *Memorando,* Apéndice H, págs. 53-57.

cumplir, entre las que se encuentra el deber de "tener evaluaciones satisfactorias en el desempeño de sus funciones". Al maestro que incumpliera "con lo establecido, se le podrá cancelar inmediatamente la extensión del nombramiento".

VI.

En virtud de lo establecido en la Ley 85-2018, Educación promulgó el Reglamento Núm. 9412 de 25 de octubre de 2022, conocido como Reglamento de la Oficina de Apelaciones del Sistema de Educación (el "Reglamento").[3]

En cuanto a la jurisdicción de la Oficina, el Artículo 4 del Reglamento establece que aplicará a todas las apelaciones presentadas por aquellos empleados no sindicados de Educación inconformes con una resolución, orden o determinación final sobre asuntos de personal. Destacamos que una determinación final es un "escrito firmado por el(la) secretario(a) o su representante autorizado y notificado a un empleado en el cual se le informa sobre una decisión o acción de aplicación particular relacionada con un asunto de personal". Artículo 5.5 del Reglamento. Ahora bien, cuando se define "parte apelante", el Reglamento guarda silencio en cuanto a que tiene que ser un empleado activo quien presente una apelación. En efecto, se dispone: "[p]arte apelante: parte que presenta la apelación ante la oficina para cuestionar la corrección o validez de una determinación final del Departamento". Además, el Artículo 14 del Reglamento autoriza a la Oficina a ordenar la reinstalación de empleados.[4]

Por otro lado, en cuanto a la presentación de una apelación, el Artículo 6.01 dispone como sigue: "las apelaciones contra una

---

[3] El Reglamento 9412 anuló el Reglamento Núm. 9099 del 29 de mayo de 2019, anterior Reglamento de la Oficina, vigente al momento de la Recurrente presentar su *Apelación*.
[4] De acuerdo con el Artículo 5.21 del Reglamento, la definición de reinstalación es la "acción del(la) secretario(a) o su representante autorizado de restaurar al empleado a su puesto de trabajo".

resolución, orden o determinación final emitidas par el (la) secretario(a) se presentarán dentro del término jurisdiccional de treinta (30) días contados **desde la fecha de la notificación de la determinación final al empleado**". (Énfasis suplido).

VII.

Por su parte, en su Sección 6.1, el Reglamento Núm. 9180 de 17 de junio de 2020 (el "Reglamento de Personal") establece los tipos de nombramientos en Educación: personal permanente, personal probatorio y personal transitorio. En cuanto al personal transitorio la Sección 6.4 establece que estos serán nombrados por un término fijo e implanta las siguientes normas:

> [...]
>
> 3. **De haber sido un empleado transitorio en un año anterior, se considerarán, para su nueva contratación o para su inclusión en el Registro correspondiente, los resultados de las evaluaciones de su desempeño**.
>
> 4. El personal transitorio será evaluado con los mismos criterios e indicadores que se utilizan para la evaluación de empleados regulares en los puestos correspondientes. En caso de que el término para el cual fue contratado sea menor al establecido para las evaluaciones, el empleado será evaluado únicamente por ese periodo.
>
> 5. **Los nombramientos transitorios siempre serán de duración fija y no confieren derechos de retención en el servicio, excepto por el término de vigencia de estos**.
>
> [...]
>
> 7. El nombramiento transitorio terminará al finalizar el periodo para el cual fue contratado o en la fecha en que concluya la necesidad temporal.
>
> 8. El Secretario establecerá los procedimientos y criterios que estime necesarios para la selección del personal transitorio sujeto a las disposiciones de las leyes aplicables. (Énfasis provisto).

En el mismo capítulo del Reglamento de Personal, la Sección 12.4 del Artículo XII sobre separaciones del servicio del personal docente, establece que los empleados docentes transitorios "podrán ser removidos de su puesto por justa causa en cualquier momento,

siguiendo el debido proceso ley." Subsecuentemente, la Sección 12.10 sobre reconsideración permite que el exempleado docente que haya sido separado de su puesto solicite una reconsideración en un término de diez (10) días.

De quedar inconforme con la reconsideración, el empleado transitorio **podrá apelar la determinación ante la OASE en un término de treinta (30) días a partir del recibo de la notificación de la separación**. No obstante, dicha apelación no tiene "el efecto de detener la acción de la autoridad nominadora".

Asimismo, los exempleados docentes cuyas solicitudes de reingreso sean rechazadas, tendrán un término de treinta (30) días, a partir del recibo de la notificación del rechazo a una solicitud de reingreso, para presentar una apelación ante la Oficina. Véase, Sección 14.2 sobre el rechazo de solicitudes de reingreso, Artículo XIV sobre reingresos del Capítulo II, Reglamento de Personal. De lo anterior se desprende con meridiana claridad que la Oficina tiene jurisdicción para ordenar el reingreso de un exempleado, así como la reinstalación de un maestro transitorio removido de su puesto antes de la fecha de expiración de su contrato.

VIII.

Como cuestión de umbral, concluimos que la determinación de no extender el nombramiento transitorio de la Recurrente es apelable ante la Oficina. Usualmente un empleado transitorio, por no tener expectativa de continuidad en el puesto luego de la expiración de su contrato, no tiene derecho a impugnar la decisión de la agencia de no renovar el nombramiento. Sin embargo, este caso es distinto, por virtud de lo dispuesto en la Ley 56-2019 y en el Memorando. Por virtud de lo allí dispuesto, se creó en la Recurrente una expectativa legítima de continuidad en el puesto.

Adviértase que, a través de la referida legislación y el Memorando, y según arriba expuesto en detalle, se establecieron

unos criterios que eliminaron la usual libertad de la autoridad nominadora para determinar si un nombramiento transitorio se extenderá. Incluso, se establecieron unos procedimientos que Educación tenía que seguir para poder declinar la extensión de un nombramiento transitorio de un(a) maestro(a).

En esencia, mediante la Ley 56-2019 y el *Memorando*, se dispuso que, como regla general, a los docentes transitorios elegibles y provisionales en las categorías de enseñanza, entre las que se encuentra la clase de la Recurrente, se les extendería el nombramiento transitorio. En lo procesal, la Ley 56-2019, *ante*, le exige a Educación que, antes de no extender el nombramiento de un docente transitorio (como la Recurrente), debía **notificarle y cumplir con el proceso administrativo vigente**. Véase Artículo 3(7) de la Ley 56-2019, *supra*.

En fin, en este caso particular, Educación quedó restringido por ley y por el Memorando, en lo procesal y en lo sustantivo, en cuanto a su capacidad para determinar si un nombramiento transitorio se extendería. Por tal razón, la determinación de no extenderle el nombramiento a la Recurrente se convirtió en el tipo de decisión sobre un asunto de personal que es apelable ante la Oficina.

El hecho de que, al apelar, la Recurrente no fuese ya empleada no tiene pertinencia. De otra forma, un empleado regular que ha sido despedido tampoco podría presentar una apelación ante la Oficina. Por definición, el asunto de personal involucrado muchas veces conlleva que la parte apelante haya dejado de ser empleado(a) de Educación. Por ejemplo, el Reglamento de Personal expresamente autoriza a las personas que fueron separadas de sus puestos, o a las que se les rechace una solicitud de reingreso, a impugnar estas determinaciones ante la Oficina.

En cuanto al término para presentar la Apelación, resaltamos que la Recurrente nunca recibió una determinación escrita adecuada, pues en la Certificación no se incluyó una advertencia en cuanto a su derecho a solicitar revisión de la misma. No obstante, la realidad es que, a pesar de este defecto de la *Certificación*, la Recurrente sí presentó la Apelación prontamente y sin asomo alguno de incuria (dentro de los 30 días siguientes al recibo de la misma), por lo cual la Oficina tenía jurisdicción para atenderla. Véanse, por ejemplo, *PR Eco Park v. Mun. de Yauco*, 202 DPR 525 (2019); *Maldonado v. Junta Planificación*, 171 DPR 46, 57–58 (2007) (cuando una agencia no cumpla con los requisitos de notificación adecuada, aunque los términos para solicitar la revisión judicial del dictamen no comienzan a transcurrir, de no haber mediado **incuria**, el tribunal tiene jurisdicción para adjudicar la revisión presentada).

En atención a todo lo anterior, erró la Oficina al desestimar la Apelación. Le corresponde a la Oficina (y no a este Tribunal) adjudicar, <u>en primera instancia</u>, los méritos de la Apelación. Nada de lo aquí dispuesto incide sobre la corrección sustantiva de la determinación tomada por Educación en este caso, lo cual será objeto, precisamente, de adjudicación a través de la Apelación.

IX.

En atención a los fundamentos que anteceden, se revoca la *Resolución Sumaria* recurrida. Se devuelve el caso a la agencia recurrida para la continuación de los procedimientos de conformidad con lo aquí resuelto y dispuesto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones