ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| BILLU CRESPO RIVERA<br><br>DEMANDANTE APELANTE<br><br>V.<br><br>Departamento de transportación y obras públicas<br><br>DEMANDADOS APELADO | KLAN202400562 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Mayagüez<br><br>Caso Núm. IACI202400616 AL IACI202400624<br><br>Sobre:<br><br>Revisión Boleto Transito y Obras Pública |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de julio de 2024.

Comparece el señor Billy Crespo Rivera (en adelante, Crespo Rivera) por derecho propio mediante un escrito denominado *Apelación Civil* acogido como *certiorari*.[1] En su recurso, nos solicita la revocación ocho (8) resoluciones, emitidas el 5 de abril de 2024 y notificadas el 6 de mayo de 2024, por el Tribunal de Primera Instancia, Sala Municipal de Mayagüez. Mediante los referidos dictámenes, el foro primario declaró *No Ha Lugar* el *Recurso de Revisión de Infracciones de Tránsito* presentado por la parte peticionaria.

Por los fundamentos que expondremos a continuación, denegamos la expedición del recurso.

**I.**

Surge del expediente ante nuestra consideración, que el 5 de abril de 2024, el señor Crespo Rivera presentó una serie de *Recursos de*

---

[1] En virtud del Artículo 4.006(b) y (e) la Ley de la Judicatura, Ley Núm. 201-2003, 4 LPRA sec. 24y, según emendada, ostentamos facultad para atender cualquier orden o resolución dictada por el Tribunal de Primera Instancia, así como para conocer todo asunto determinado por ley especial. No obstante, mantenemos la designación alfanumérica por cuestiones de economía procesal.

*Revisión por Faltas Administrativas de Tránsito*.[2] Tras someter su petición, el foro primario celebró una vista. Concluido dicho proceso, dictaminó *No Ha Lugar* la revisión peticionada.

En desacuerdo con tal dictamen, el 13 de mayo de 2024, el señor Crespo Rivera sometió una *Moción Solicitando Reconsideración en lo Resuelto No Ha Lugar y Ordenamiento de la Devolución de Aranceles Pagados por el Recurso Nulo, Vicioso y Abusivo Presentado en mi Contra*. Tras considerar sus argumentos, el 16 de mayo de 2024, el foro primario declaró *No Ha Lugar* la solicitud de reconsideración.

Inconforme aún, el 7 de julio de 2024, el señor Crespo Rivera acudió ante nos mediante un escrito intitulado *Apelación Civil*. En dicho recurso, presenta los siguientes señalamientos de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE MAYAGÜEZ AL QUEBRANTARSE EL DERECHO CONSTITUCIONAL A UN JUICIO JUSTO E IMPARCIAL. ELLO RESPONDIÓ A QUE EL JUEZ TOMÁS E. BÁEZ COLLADO AL DECLARAR NO HA LUGAR EL RECURSO ADJUDICÓ LAS DECLARACIONES DEL TESTIGO COMO LA ÚNICA EVIDENCIA DE MANERA PARCIALIZADA, IGNORANDO Y PASANDO POR ALTO LA TOTALIDAD DEL EXPEDIENTE; NO PERMITIÓ EL LIBRE CAREO Y CONTRAINTERROGATORIO CON EL ÚNICO TESTIGO DE CARGOS; SIN EMBARGO, LO HIZO CON EL ÚNICO Y EXCLUSIVO PROPÓSITO DE PROTEGER LA IMAGEN DE LA POLICÍA DE PUERTO RICO. GRAVE E IRREMEDIABLE ERROR.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE MAYAGÜEZ AL NO FUNDAMENTAR EN HECHO[S] Y DERECHO LA RESOLUCIÓN DE NO HA LUGAR A LA MOCIÓN DE RECONSIDERACIÓN Y ASUMIR POSTURA DE DEFENSA Y TESTIGO DE CARGO, LACERANDO LA REPUTACIÓN QUE DEBE IMPERAR EN LAS SALAS DE LOS TRIBUNALES.

**II.**

A.      **Recurso de *certiorari***

El auto de *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Orthopedics Prod. Of Puerto Rico,*

---

[2] En específico solicitó la revisión de ocho (8) boletos identificados con los siguientes numerales: (1) 92235000218, (2) 92235000219, (3) 92235000220, (4) 92235000221, (5) 92235000222, (6) 92235000223, (7) 92235000224, (8) 9223500025. Véase Apéndice del peticionario, págs. 2-9.

*LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021). Véase, también, el Artículo 670 del Código de Enjuiciamiento Civil de 1933 de la Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva de este recurso "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera Gómez v. Arcos Dorados Puerto Rico*, 212 DPR 194, 209 (2023); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012).

A esos fines, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, preceptúa los criterios para la expedición de un auto de *certiorari*:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estas consideraciones orientan la función del foro apelativo para ejercer sabiamente su facultad discrecional. *Rivera Gómez v. Arcos Dorados Puerto Rico, supra,* pág. 209. A su vez, permite que el análisis revisorio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Rivera Gómez v. Arcos Dorados Puerto Rico, supra*; *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020).

A la luz de lo anterior, los tribunales revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se

pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013). Por tanto, nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 849 (2023)*.*

**B.      Revisión de falta administrativa a tenor con la Ley de Vehículo y Tránsito de Puerto Rico**

La Ley de Vehículos y Tránsito de Puerto Rico, Ley Núm. 22-2000, 9 LPRA, sec. 5001, según enmendada, regula el proceso atinente con la revisión de las faltas administrativas de tránsito. En particular, el Artículo, 23.05(l) dispone que si el dueño del vehículo afectado por la notificación de multa administrativa considera que no ha cometido la violación que se le imputa, podrá solicitar un recurso de revisión judicial dentro del término de treinta (30) días a partir de la fecha de recibo de la notificación. Véase, también, *Hernández v. Secretario*, 164 DPR 390, 397-398 (2005). En estos casos, el recurso de revisión se formalizará mediante la presentación de una solicitud ante la Secretaría del Tribunal, en la cual se expondrán los fundamentos en que respalda la impugnación de la faltas administrativa de tránsito. 9 LPRA, sec. 5001(l). En consecuencia, "los jueces municipales atenderán y resolverán los recursos de revisión de un boleto administrativo expedido al amparo de la Ley de Tránsito". *Torres v. Municipio Autónomo de San Juan*, 208 DPR 586, 595-596 (2022). Véase, también, Ley de la Judicatura, Ley Núm. 201-2003, según enmendada, 4 LPRA secs. 25a y 25d(a)(6).

Radicado el recurso, el tribunal señalará la vista dentro de un término no mayor de sesenta (60) días contados a partir del recibo de dichos documentos. En esta, revisará en sus méritos las cuestiones de hechos y de derecho que dieron lugar a la imposición y notificación de la falta administrativa de tránsito. 9 LPRA, sec. 5001(l). **Destacamos que en este proceso de naturaleza civil, le corresponde al promovente el peso**

**de la prueba para impugnar la falta administrativa imputada**. Véase, Regla 110 de Evidencia, 32 LPRA Ap. IV, R. 110. (Énfasis nuestro).

Eventualmente, el foro primario dictará su resolución en un término de cinco (5) días contado desde la fecha en que se celebre la vista. A su vez, notificará su resolución por medios electrónicos al Secretario, y por correo ordinario y electrónico al peticionario dentro del término de los diez (10) días siguientes de haberse dictado la misma. La resolución dictada será carácter final y definitivo. 9 LPRA, sec. 5001(l).

**B.     Apreciación de la prueba por el foro primario**

Es norma firmemente establecida que ante la ausencia de error manifiesto, prejuicio, parcialidad o pasión, no se favorece la intervención de los tribunales apelativos en la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos formuladas por el Tribunal de Primera Instancia. *Peña Rivera v. Pacheco Caraballo*, 2024 TSPR 48, 213 DPR ___; *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 778 (2022). En consonancia con lo anterior, la Regla 42.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2, dispone que "[l]as determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos". Esta deferencia responde a "que los jueces de las salas de instancia están en mejor posición para aquilatar la prueba testifical porque tienen la oportunidad de oír, ver y apreciar el comportamiento del testigo". *Ortiz Ortiz v. Medtronic Puerto Rico Operations*, *supra*, pág. 779.

**Por tanto, la declaración directa de un solo testigo, de ser creída por el juzgador de hechos, constituye prueba suficiente de cualquier hecho.** *SLG Rivera Carrasquillo v. AAA*, 177 DPR 345, 357 (2009). (Énfasis nuestro). Por ello, concedemos respeto a la adjudicación de credibilidad del juzgador primario de los hechos, dado que el foro apelativo cuenta solamente con "récords mudos e inexpresivos". *Trinidad v. Chade*, 153 DPR 280, 291 (2001).

Ahora bien, la deferencia en la evaluación de la prueba no es un asunto irrestricto. El foro apelativo puede intervenir con las conclusiones en caso de que la apreciación de la prueba no represente el balance más racional, justiciero y jurídico de la totalidad de la prueba. *González Hernández v. González Hernández*, 181 DPR 746, 777 (2011). Ello ocurre cuando "la evaluación se distancie de la realidad fáctica o esta es inherentemente imposible o increíble tenemos la responsabilidad ineludible de intervenir". *Santiago Ortiz v. Real Legacy Assurance Company, Inc*., 206 DPR 194, 219 (2021). De igual modo, la deferencia no opera cuando el juzgador actúa "movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que se someta prueba alguna". *Dávila Nieves v. Meléndez Marín*, supra, pág. 782.

**D.     Debido proceso de ley en el contexto adjudicativo**

Nuestro esquema constitucional reconoce el derecho a un debido proceso de ley en toda actuación en la cual el Estado intervenga con la vida, la libertad o la propiedad de una persona. Véase Artículo II, Sección 7, Constitución de Puerto Rico; Enmiendas V y XIV de la Constitución de los Estados Unidos. Const. P.R., Art. II, Sec. 7, LPRA, Tomo 1; Const. EE. UU., LPRA, Tomo I. Mediante tales principios se garantiza que toda persona tenga un proceso justo con las debidas garantías que ofrece la ley tanto en el ámbito judicial como administrativo*. Gautier Vega v. Comisión Estatal De Elecciones*, 205 DPR 724, 743 (2020); *Aut. Puertos v. HEO*, 186 DPR 417, 428 (2012).

En esa dirección, esta protección constitucional abarca dos vertientes: la sustantiva y la procesal. En cuanto a la vertiente sustantiva, esta busca proteger y salvaguardar los derechos fundamentales de las personas. *PVH Motor, LLC v. Junta de Subastas de la Administración*, 209 DPR 122, 130 (2022). En cambio, la vertiente sustantiva requiere que, de verse afectado algún derecho de propiedad o libertad de un ciudadano,

este tendrá acceso a un proceso que se adherirá a los principios de justicia e imparcialidad. *Indulac v. Central General de Trabajadores*, 207 DPR 279, 296 (2021); *Aut. Puertos v. HEO, supra,* pág. 428.

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico especifica que la dimensión procesal de este derecho en el contexto adjudicativo exige como mínimo: (1) la notificación adecuada del proceso; (2) el proceso ante un juez imparcial; (3) la oportunidad de ser oído; (4) el derecho a contrainterrogar a los testigos y examinar la evidencia presentada en su contra; (5) tener asistencia de un abogado, y (6) que la decisión se base en el expediente. *PVH Motor, LLC v. Junta de Subastas de la Administración, supra,* pág. 131; *Vázquez González v. Mun. de San Juan*, 178 DPR 636, 643 (2010). A la luz de tales garantías, una parte tiene derecho a examinar la evidencia presentada en su contra y a contrainterrogar a los testigos de la otra parte. *Rentas Nieves v. Betancourt Figueroa*, 201 DPR 416, 429 (2018).

**III.**

En el presente caso, el señor Crespo Rivera señala que el Tribunal de Primera Instancia incidió al declarar *No Ha Lugar* el recurso de revisión de infracciones de tránsito. En particular, contiende que el foro primario le privó de un juicio justo e imparcial. En lo pertinente, asevera que experimentó una violación a su debido proceso de ley y a su derecho a contrainterrogar testigos. Sostiene, además, que erró el tribunal al adjudicar como única evidencia el testimonio de un agente de la policía.

Tras examinar sosegadamente el expediente ante nuestra consideración, determinamos que en el caso presente no surgen las circunstancias que activen nuestras facultades revisoras. Pese a que la parte peticionaria esboza varios señalamientos dirigidos a la apreciación de la prueba, no nos coloca en una posición adecuada para elaborar un análisis en torno a sus argumentos de contenido probatorio y constitucional.

Puntualizamos que evaluamos de manera detenida su recurso, sin embargo, no identificamos una transcripción, una exposición estipulada o

una exposición narrativa de la prueba, que nos habilite a pasar juicio sobre las resoluciones recurridas. Conviene destacar que, la Regla 29 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 29, dispone que cuando la parte apelante o peticionaria estime que para resolver una apelación o un recurso de *certiorari* es necesario que el Tribunal de Apelaciones considere alguna porción de la prueba oral presentada ante el Tribunal de Primera Instancia, someterá, uno de los documentos siguientes o una combinación de ellos: (1) transcripción, (2) exposición estipulada o (3) exposición narrativa. No obstante, el señor Crespo Rivera no presentó su recurso acompañado de dicho material a tenor con la regla enunciada.

A su vez, notamos que el apéndice adjunto no contiene la totalidad de la documentación que permita analizar cuidadosamente la realidad fáctica y la trayectoria del caso presente. Tal circunstancia impide evaluar si existen o no los alegados señalamientos de error atribuidos al tribunal. Consecuentemente, nos vemos imposibilitado a intervenir con las resoluciones recurridas. Anta tal escenario, no contemplamos los indicios de que el foro primario haya actuado de forma arbitraria, caprichosa, o haya incurrido en craso abuso de discreción, o en aplicación errónea del derecho. En vista de lo anterior, denegamos el auto de *certiorari* peticionado de acuerdo con los parámetros orientativos de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

**IV.**

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones