ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **CARLOS JUAN MELÉNDEZ RIVERA**<br><br>PARTE APELANTE<br><br><br>V.<br><br>**DTOP/ AGTE. NO LEGIBLE 37820**<br><br>PARTE APELADA | **TA2025AP00319** | ***Apelación procedente del Tribunal de Primera Instancia de San Juan***<br><br>Caso Núm: K2AC2025-5264<br><br><br><br>Sobre: Ley de Vehículos y Transito |

Panel integrado por su presidenta, Jueza Grana Martínez, Juez Ronda Del Toro y Jueza Lotti Rodríguez

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, hoy día 26 de noviembre de 2025.

Comparece Carlos Juan Meléndez Rivera (en adelante, señor Meléndez Rivera o apelante) mediante recurso de *Apelación* presentado el 8 de septiembre de 2025, en el cual nos solicita que dejemos sin efecto la *Resolución* emitida por el Tribunal de Primera Instancia, Sala de San Juan (TPI o foro primario) el 23 de junio de 2025, notificada el 17 de julio de 2025. Mediante el referido dictamen, el foro primario declaró "No Ha Lugar" el recurso de revisión de boleto administrativo presentado.

Por los fundamentos que expondremos, modificamos la *Resolución* apelada a los fines de eliminar los recargos y penalidades acumulados en la multa. Así modificada, confirmamos el resto de la determinación.

**I.**

El 16 de abril de 2025, el señor Meléndez Rivera presentó un *Recurso de Revisión de Multa Administrativa de Tránsito* ante el foro

primario. En síntesis, este alegó que el 6 de febrero de 2025 el Sr. Meléndez Rivera recibió una notificación de CESCO Digital informándole que el 18 de agosto de 2023 se había expedido la multa número 42728290 en el Municipio de San Juan por la cantidad de $500.00 al vehículo Ford Transit B-250 color blanco del año 2019 con tablilla número 1037089, y número de registro 12191133, por alegadamente estacionar en una rampa para impedidos.[1] Además, en dicho recurso expuso que:

> La primera y única notificación sobre la alegada falta administrativa ocurrió durante el mes de febrero de 2025; un año y seis meses después de la alegada falta. No he visto el boleto, por lo que desconozco a que se refiere. Desconozco, además, el lugar donde alegadamente se cometió la falta administrativa. El recurrente niega haber cometido falta alguna. El recurrente no cometió la falta que se le imputa; no se estaciona ni interrumpe o interfiere de forma algún espacio designado para el uso de persona con impedimentos.[2]

Así las cosas, el 30 de mayo de 2025, el foro primario señaló una Vista para el 23 de junio de 2025.[3] El mismo día de la Vista, el TPI emitió una *Resolución* en la que declaró "No Ha Lugar" el *Recurso de Revisión de Multa Administrativa de Tránsito*.[4] En respuesta, el 29 de julio de 2025, el apelante presentó una *Moción de Reconsideración* en la que adujo que se enteró por primera vez de la existencia de la multa cuando recibió la notificación de CESCO el 6 de febrero de 2025.[5] Asimismo, expuso que la "multa administrativa está prescrita en su totalidad o estaban prescritos los recargos y penalidades dispuesto por la Ley Núm. 22- 2000, *infra.*[6] Empero, el 8 de agosto de 2025, el foro primario declaró "No Ha Lugar" la referida moción.[7]

Inconforme con el proceder del TPI, el 8 de septiembre de 2025, el apelante acudió ante este Tribunal mediante recurso de *Apelación* y señala los siguientes errores:

> Erro el Tribunal de Primera Instancia al declarar no ha lugar el recurso de revisión aun cuando el boleto

---

[1] Véase el Apéndice del Recurso Apelativo pág. 2.
[2] Íd.
[3] Íd., pág. 10.
[4] Íd., págs. 19-20.
[5] Íd., págs. 21-22.
[6] Íd.
[7] Íd., pág. 23

administrativo había prescrito por falta de notificación al Apelante.

Erro el Tribunal de Primera Instancia al declarar no ha lugar el recurso de revisión sin proveer fundamentos para ello, en su Sentencia de 23 de junio de 2025, notificada el 17 de julio de 2025, y en su orden de 5 de agosto de 2025, notificada el 8 de agosto de 2025.

De otro lado, el 2 de octubre de 2025, compareció la Oficina del Procurador General en representación del Gobierno de Puerto Rico. En su escrito señaló que el recurso de *Apelación* se presentó fuera del término de treinta (30) días a partir del recibió de la notificación.[8] Asimismo, alegó que la multa no está prescrita debido a que solo ha transcurrido un (1) año y seis (6) meses.[9]

## II.

### Ley de Vehículos y Transito de Puerto Rico

La Ley Núm. 22-2000, según enmendada, 9 LPRA sec. 5001 *et seq.,* mejor conocida como la *Ley de Vehículo y Tránsito de Puerto Rico,* regula todo lo concerniente al tránsito vehicular de las vías públicas de nuestra isla. El Art.1.75-A de la Ley Núm. 22-2000, 9 LPRA sec. 5001 Inciso (125), define a una persona con impedimento como aquella con una discapacidad física que lo limita significativamente en uno o más actividades primordiales de su vida, así como aquel que posee un historial o es considerado como una persona con dicho impedimento.

A su vez, el Art.1.45 de la Ley Núm. 22-2000, 9 LPRA sec. 5001 Inciso (43), añade las facilidades peatonales que nuestro ordenamiento considera que una persona impedida necesita. En específico, el referido artículo dispone que será cualquier estructura o facilidad en una vía pública, rampa o área de estacionamiento destinada a facilitar el acceso a personas con impedimento físicos según sea definidas por el Secretario de Salud o la autoridad de gobierno competente. Íd. Asimismo, nos indica dos (2) facilidades peatonales, a saber, las rampas y el andén. Íd.

---

[8] Véase, Entrada #8 de SUMAC TA.
[9] Íd.

En lo pertinente a la controversia que nos ocupa, el Artículo 6.19 de la Ley Núm. 22-2000, 9 LPRA sec. 5169, establece, entre otras cosas, lo siguiente:

(a) Ninguna persona podrá parar, detener o estacionar un vehículo en la vía publica en los siguientes sitios, salvo en situaciones extraordinarias para evitar conflictos con el tránsito, o por indicación especifica de un oficial policiaco, un semáforo o en una señal de tránsito:

.     .     .     .     .     .     .     .

(23) De manera tal que obstruya una facilidad peatonal para personas con impedimentos fisicos, ya sean siempre peatonales o andenes, según estos términos se definen en el Capítulo 1 de esta ley.

A esos efectos, quien incurrirá en el aludido artículo cometerá una falta administrativa y será sancionado con multa de quinientos (500) dólares. Íd. Ahora bien, existe un deber del Estado de notificar las multas que se emitan. En lo particular, el Art. 25.01 de la Ley Núm. 22 -2000, 9 LPRA sec. 5704, dispone que el Secretario notificará a el infractor a su última dirección conocida ya sea por correo regular o correo electrónico dentro de un plazo prescriptivo de tres (3) años. Además, el Art. 25.02 de la misma Ley, el cual gira en torno a la prescripción de las multas, establece que:

Al cabo de tres [3] años, contados estos a partir de la fecha de expedición de la multa, la misma prescribirá y no podrá ser cobrada por el Secretario, a menos que con anterioridad al cumplimiento de dicho plazo, este haya enviado un correo electrónico o por correo certificado con acuse de recibo una notificación de cobro al infractor a su última dirección conocida o en su defecto, haya publicado en un periódico de circulación general una reclamación de pago de la multa o multas atribuibles a dicho infractor ( . . .). 9 LPRA sec. 5705.

Asimismo, dicha notificación de la multa debe contener como mínimo cuatro (4) elementos, a saber: "[1] [n]ombre completo del infractor, [2] [f]echa de infracción [3] [n]aturaleza de la infracción y fundamento legal de la infracción y [4] [c]uantía a pagar". Art. 25.03 de Ley Núm. 22 – 2000, 9 LPRA sec. 5706.

Por último, en cuanto al procedimiento administrativo de las faltas de tránsito, se indica que:

Si el dueño del vehículo, de la tablilla, el conductor certificado, el concesionario de venta o el pasajero afectado por la notificación de multa administrativa considera que no se ha

cometido la violación que se le imputa, podrá solicitar un *recurso de revisión judicial dentro del término de treinta (30) días a partir de la fecha de recibo de la notificación.* Antes de notificar multa administrativa el Secretario verificará quién era el propietario de la tablilla o conductor certificado, al momento de la comisión de la falta y la anotará en su expediente.

El recurso de revisión se formalizará presentando una solicitud en la Secretaría del Tribunal, en la cual se expondrán los fundamentos en que se apoya la impugnación de la falta administrativa de tránsito. Radicado el recurso, el peticionario deberá notificar el mismo al Secretario dentro de un término de cinco (5) días a contar de su radicación. Establecido el recurso de revisión, será deber del Secretario elevar al Tribunal copia certificada de los documentos que obren en el expediente, dentro de un término de diez (10) días a contar de la fecha en que fuera notificado de la radicación del recurso de revisión.

Recibidos los documentos, el Tribunal señalará la vista del recurso para tener lugar en un término no mayor de sesenta (60) días a contar de la fecha del recibo de dichos documentos. El Tribunal revisará en sus méritos las cuestiones de hecho y de derecho que dieron lugar a la imposición y notificación de la falta administrativa de tránsito. El Tribunal dictará su resolución en el caso dentro de un término de cinco (5) días a contar desde la fecha en que se celebre la vista. El Tribunal notificará su resolución por medios electrónicos al Secretario y por correo ordinario y electrónico al peticionario dentro del término de los diez (10) días siguientes de haberse dictado la misma. La resolución dictada será carácter final y definitivo. Art. 23.05 de la Ley Núm. 22 – 2000, 9 LPRA sec. 5685. (Énfasis nuestro).

### III.

En esencia, el apelante alega que incidió el foro primario al declarar "No Ha Lugar" el *Recurso de Revisión de Multa Administrativa de Tránsito*, cuando el boleto administrativo prescribió por este no haber sido notificado en el término requerido.

Surge del expediente que, el 18 de agosto de 2023, se expidió una multa en contra del señor Meléndez Rivera por haberse estacionado en una rampa de impedido en el municipio de San Juan, en violación del Art. 6.19 de la Ley Núm. 22- 2000, *supra.* Pese a que, el apelante alega que no recibió la multa para esa fecha, este sí fue notificado el 6 de febrero de 2025, a través de su correo electrónico por CESCO Digital. Esta notificación contenía los elementos mínimos que exige el Art. 25.03 de la Ley Núm. 22-2000, *supra,* toda vez que tenía el nombre completo del infractor, fecha de infracción, naturaleza de la infracción y fundamento legal de la infracción, y cuantía a pagar.

Así pues, si la multa se expidió el 18 de agosto de 2023, solo había transcurrido un término de (1) año y seis (6) meses, ya que este fue

notificado el 6 de febrero de 2025. Según vimos, el Artículo 25.02 de la Ley Núm. 22-2000, *supra,* dispone que el Secretario tiene tres (3) años, contados a partir de la fecha de expedición de la multa, para cobrar la multa. Por lo tanto, la multa administrativa no se encuentra prescrita, ya que no ha transcurrido los tres (3) años que impone la Ley.

Ahora bien, procede aclarar que los recargos y penalidades que la ley permite se impongan en adicción a la multa se acumularan, en este caso, desde que el apelante recibió la notificación de la multa por CESCO digital, o sea, desde el 6 de febrero de 2025.

En su vertiente procesal, la cláusula del debido proceso instituye las garantías procesales mínimas que el Estado debe proveerle a un individuo al afectarle su propiedad o libertad. *Hernández v. Secretario*, 164 DPR 390, 395 (2005); *McConell v. Palau*, 161 DPR 734, 758 (2004). El debido proceso de ley procesal no es un molde riguroso que se da en el abstracto, pues su naturaleza es eminentemente circunstancial y pragmática, no dogmática. Cada caso exige una evaluación concienzuda de las circunstancias envueltas. *P.A.C. v. E.L.A I*, 150 DPR 359, 376 (2000). De manera que al evaluar si se ha cumplido con el debido proceso de ley procesal procede identificar cual es el procedimiento exigido, el cual ha de ser justo e imparcial. La garantía esencial de la cláusula de debido proceso es que sea justa. "El procedimiento debe ser fundamentalmente justo al individuo en la resolución de los hechos y derechos que sirven de base para aquellas acciones gubernamentales que le privan de su vida, libertad o propiedad. Si bien situaciones diferentes pueden imponer diferentes tipos de procedimientos, siempre está el requisito general de que el proceso gubernamental sea justo e imparcial." *Hernández v. Secretario*, *supra*, citando a R.D. Rotunda, J.E. Nowak y J.N. Young, *Treatise on Constitutional Law: Substance and Procedure*, Minnesota, West Pub. Co., 1986,] Sec. 17.8.

En fin, los requisitos que todo procedimiento adversativo debe satisfacer para garantizar las exigencias mínimas del debido proceso de

ley, a saber: (1) una notificación adecuada del proceso; (2) un proceso ante un juez imparcial; (3) la oportunidad de ser oído; (4) el derecho a contrainterrogar a los testigos y examinar la evidencia presentada en su contra; (5) tener asistencia de abogado, y (6) que la decisión se fundamente en la evidencia presentada y admitida en el juicio. *Hernández v. Secretario*, supra, págs. 395-396; *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 DPR 881, 888–889 (1993).

La falta de notificación constituye una violación a los imperativos más básicos del debido proceso de ley que no podemos soslayar.[10] A esos efectos, puntualizamos que, en cuanto a las penalidades por no pagar la multa, el apelante solo estará obligado al pago de intereses y penalidades a partir del momento en que se le notifico la multa por correo electrónico, es decir a partir del 6 de febrero de 2025.

**IV.**

Por los fundamentos antes expuestos, modificamos la *Resolución* apelada a los fines de aclarar que el pago de recargos y penalidades será prospectivo desde el 6 de febrero de 2025. Así aclarado se confirma el pago de la multa de 500 dólares.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[10] Nótese que el boleto no fue entregado al apelante, sino que se alega fue colocado en el parabrisas del automóvil. Por su parte el apelante alega que nunca encontró ningún boleto en su parabrisas que le advirtiera de la infracción.